Edward J. Greenfield, J.
Plaintiff moves for summary judgment under -CPLR 3213 in an action upon a foreign judgment. A decree of divorce between the parties was rendered on default in Circuit Court, Clinton County, State of Missouri, on July 19, 1971. The decree provided that plaintiff be granted alimony in the sum of $100 per month and that defendant pay the costs, and that plaintiff’s maiden name be restored. Defendant made the payments therein provided until April 19, 1972, when such payments ceased. Defendant has since moved to and become a resident of the State of New York.
The defendant opposes summary judgment on the ground that (1) the foreign decree was granted on default; (2) the action ■> is not appropriate for summary judgment under CPLR 3213 since it provides for future payments; and (3) the foreign judgment was procured by fraudulent representations.
It appears at the outset to be necessary to correct a possible misunderstanding with respect to the nature of article 64 of the CPLR dealing with the enforcement of foreign judgments. Article 54 provides for the filing' of authenticated foreign judgments in this State so that they can be treated in the same way as a *41 judgment of the Supreme Court of this State. The act of filing is ministerial in nature and does not require for its completion the obtaining of jurisdiction over the defendant or any opportunity to be heard before filing. Accordingly, foreign default judgments are explicitly excluded from the filing procedure of article 54.
The instant action is based upon a default judgment. It should be noted, however, that this is not an article 54 proceeding for automatic filing of a foreign judgment. Rather, the plaintiff proceeds optionally, as she has a right to do (CPLR 5406), by a plenary action on the foreign judgment in which a motion for summary judgment in lieu of complaint is being made. Such a plenary action requires the obtaining of personal jurisdiction over the defendant, and accords to him the opportunity to be heard and to contest before any judgment is entered in this jurisdiction. The plaintiff can appropriately proceed by this action on the Missouri judgment, and her right to seek summary judgment in lieu of complaint is provided for not only by CPLR 5406 but by CPLR 3213, which provides for summary judgment in lieu of complaint either upon an instrument for the payment of money only or “ upon any judgment ”.
It is clear therefore that the fact that the Missouri judgment was granted upon default is of no moment in an action of this nature, but only when an article 54 filing is attempted.
There appears to be no valid defense to this action on the foreign judgment. The foreign judgment cannot be here collaterally attacked and the asserted defense of fraud is available only in the court of original jurisdiction. This court is not required once again to review the merits of the Missouri action which eventuated in judgment. Unlike cases such as Wagner v. Cornblum (36 A D 2d 427), Orenstein v. Orenstein (59 Misc 2d 565), and Holmes v. Allstate Ins. Co. (33 A D 2d 96), this action is not predicated upon an underlying agreement but upon a judgment. The fact that the judgment provides for future payments does not in any way affect its enforceability since the sums which become due periodically are definite and certain. In view of defendant’s compliance with the Missouri judgment and the payments that he made pursuant thereto up to April of 1972,, there appears to be no doubt that he was aware of the judgment and chose not to contest it. He cannot now be heard to collaterally attack that judgment. Summary judgment for the plaintiff is granted,