Charles Lambiase, J.
Plaintiff makes this application “for an Order striking from the Defendant’s Amended Answer herein paragraphs Numbered 9th, 10th, 11th, 12th, 13th, and 14th as provided by Buie 103 of the Rules of Civil Practice in that they are irrelevant, immaterial, argumentative, and present evidentiary facts and legal conclusions; and for such other and further relief as may be just together with the cost of this motion.”
In the orderly consideration of this motion, we are considering each paragraph separately.
Paragraph “ ninth ” reads as follows: “ That at the time of the accident alleged in the complaint the Courts of the State of Ohio, including the highest Court of that State, held and do hold that excessive speed in the operation of an automobile is not willful or wanton misconduct and that a violation of Section 4511.20 of Baldwin’s Ohio Revised Code Annotated does not constitute negligence per se and, therefore, a violation of said statute is not willful or wanton misconduct. Said Courts have also held and do hold that willful misconduct, within the meaning of Sections 6308-6 of the Ohio General Code, Section 4515.02 of Page’s Ohio Revised Code Annotated, is either the doing of an act by the operator of an automobile with specific intent to injure his passenger, or with full knowledge of existing conditions, the intentional execution of a wrongful course of conduct which he knows should not be carried out or the intentional failure to do something which he knows should be done in connection with the operation of the automobile,' under circumstances tending to disclose that the motorist knows or should know that an injury to his guest will be the probable result of such conduct. Said Courts also held at the time of the accident alleged in the complaint and do hold that wanton misconduct, within the meaning of Sections 6308-6 of the Ohio General Code, Section 4515.02 of Page’s Ohio Revised Code Annotated, is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all probability result in injury.”
*651 It is well settled that what may be the law of another jurisdiction upon a given subject presents a question of fact, not a question of law, and must be both proved and found like any other question of fact. (Spies v. National City Bank, 174 N. Y. 222, 227, citing Genet v. D. & H. C. Co., 163 N. Y. 173, 177.) In our opinion said allegation goes beyond the permissive pleading and must be and hereby is stricken from defendant’s amended answer.
Paragraph “tenth” reads as follows: “That the injury and death of said Warren J. Kipp, deceased, were not caused by the willful or wanton misconduct of defendant, Paul J. Tullar, or defendant, International Harvester Company, within the provisions, meaning and interpretation of the laws, statutes, and decisions of the Courts of the State of Ohio and the plaintiff herein is barred from recovering in this action.”
This paragraph is partly repetitious of paragraph “ eighth ”, and the remainder is objectionable for the same reasons set out above in striking out paragraph “ ninth ”. It, therefore, must be and hereby is stricken from the amended answer.
Paragraph “eleventh” reads as follows: “That at the time of the accident alleged in the complaint and the death of plaintiff’s intestate, plaintiff’s intestate was riding as a guest in an automobile owned by the defendant, Paul J. Tullar, and operated by him in the State of Ohio. That at said time and place the defendant, Paul J. Tullar, had finished his work for the day and was no longer in the course of his employment by defendant, International Harvester Company. That plaintiff’s intestate was an employee of the Pippin Construction Equipment Co. and had finished his work for the day. That at the time of said accident said defendant, Paul J. Tullar, and plaintiff’s intestate were on their way to Ashtabula, Ohio, a considerable distance from Jefferson, Ohio, where they had been working for their respective employers during the day, and were driving to Ashtabula, Ohio for the sole purpose of having dinner, and not in the furtherance of any business of defendant, International Harvester Company. That the Courts of the State of Ohio, including the highest Court of that State, have held and do hold that under such circumstances the defendant, Paul J. Tullar, was not in the course of his employment by the defendant, International Harvester Company, that the operation of said automobile at said time and place was not in the business or in the furtherance of the business of said defendant, International Harvester Company, or for its benefit, that defendant, Paul J. Tullar, was not the agent of the defendant, International Harvester Company, in the operation of his automobile at said *652 time and place, and that the plaintiff is barred from recovering in this action against the defendant, International Harvester Company.”
This paragraph in part presents evidentiary facts, and the remainder is objectionable for the same reasons set out above in striking out paragraph ‘ ‘ ninth ’ ’. It, therefore, must be and hereby is stricken from the amended answer.
Paragraphs “ twelfth ” and “ thirteenth ” read as follows: “ That the complaint alleges that defendant, Paul J. Tullar, at all times mentioned in the complaint was the duly authorized servant, agent, employee or officer of the defendant, International Harvester Company, and was then duly authorized and was acting in the course of his employment in the furtherance of the business of said International Harvester Company, which defendant, International Harvester Company, expressly denies.” “ That the alleged acts and omissions of defendant, Paul J. Tullar, referred to in the complaint were not at the direction of or with the consent of defendant, International Harvester Company, and said defendant did not participate therein.” These are objectionable because they go beyond the permissive pleading. Furthermore, part of the same is surplusage provable under the general denial contained in the amended answer. They must be and hereby are stricken from defendant’s amended answer.
Paragraph “ fourteenth ” reads as follows: “That the cause of action alleged in the complaint arose, and the accident out of which said alleged cause of action arose occurred, in the State of Ohio and said cause of action is governed by the Laws of the State of Ohio. That at the time of the accident alleged in the complaint the Courts of the State of Ohio, including the highest Court of that State, held and do hold that the liability, if any, of the employee and employer, under the circumstances alleged in the complaint, is several and not joint and that the employer and the employee cannot be sued in the same action, but that the plaintiff is required to elect as to which one he will maintain his action against. That the plaintiff herein is barred from maintaining this action against the defendant, International Harvester Company, and the defendant, Paul J. Tullar, under the Laws of the State of Ohio.”
Under the Ohio law, for the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both in separate actions as a judgment against one is no bar to an action or judgment against the other until one judgment is satisfied. The plaintiff, in any event, can have but one satis *653 faction of his claim. But under such circumstances there exists the right of subrogation to the claim of the plaintiff' and reimbursement upon the part of the master as against the servant in case the former is obliged to respond in damages for the wrongful act of the latter. (Losito v. Kruse, 136 Ohio St. 183.)
In our opinion the allegations of said paragraph do not affect a matter of substantive law; rather they treat of the procedural or adjective law regulating the joinder of parties. il The law of the forum determines the jurisdiction of the courts, the capacity of parties to sue or to be sued, the remedies which are available to suitors and the procedure of the courts. Where a party seeks in this State enforcement of a cause of action created by foreign law, he can avail himself only of the remedies provided by our law, and is subject to the general limitations which are part of our law.” (Mertz v. Mertz, 271 N. Y. 466, 473.) The lex fori applies. We conclude that paragraph fourteenth is unnecessary and must be and hereby is stricken from the amended answer. (Gifford v. Whittemore, 3 Misc 2d 389, mod. on other grounds and affd. 4 A D 2d 379.)
Plaintiff’s motion must be and hereby is granted, with $10 costs. The amended answer will be deemed amended accordingly by the omission of the objectionable matters. (Bules Civ. Prac., rule 103.) Submit order accordingly.