## FOURTH DEPARTMENT, JULY, 1960

### (July 1, 1960)

■ ELEANOR B. KIPP, as Administratrix of the Estate of WARREN J. KIPP, Deceased, Respondent, v. INTERNATIONAL HARVESTER COMPANY, Appellant, et al., Defendant.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: While section 344-a of the Civil Practice Act authorizes the courts of this State to take judicial notice of the laws of other States in the exercise of their discretion, without pleading or proof (*Pfleuger* v. *Pfleuger,* 304 N. Y. 148), it is permissible and proper for a party who wishes to avoid the risk of an adverse exercise of discretion, to plead the relevant laws of other States so that he may be in a position to prove them, if the court decides not to take judicial notice of them. The further provision of section 344-a that questions of foreign law are to be decided by the court as questions of law and not by the jury as questions of fact does not affect this point. This action was brought to recover for the death of the plaintiff's intestate as the result of injuries suffered in the State of Ohio while he was a passenger in an automobile owned and operated by the defendant Tullar and alleged to have been operated in the business of the defendant-appellant International Harvester Company. Paragraphs of the answer of the appellant, which are not under attack, pleaded the Ohio guest statute as an affirmative defense. Paragraphs 9 and 10, which are attacked by the motion to strike, alleged the substance of the Ohio decisions construing the Ohio guest statute. Paragraph 11, which is also attacked, pleaded the Ohio decisional law as to what constitutes the scope of employment for the purpose of determining the liability of a master for the negligence of a servant. The decision of Special Term, striking out these paragraphs, was erroneous. It is proper to plead the substance of the decisions of the courts of another State, where the law of that State is relevant. Such pleading is not to be stricken as merely stating legal argument or legal conclusions (3 Carmody-Wait, New York Practice, § 61, p. 491; *Angell* v. *Van Schaick,* 132 N. Y. 187). Paragraphs 12 and 13 merely repeated the denials set forth earlier in the answer. They were properly stricken. Paragraph 14 pleaded the Ohio law as to the right to sue a master and servant jointly in a tort action. The striking out of this paragraph by Special Term was proper. The question of whether the master and servant may be joined is a question of procedural law, which is governed by the law of the forum; the law of the place of the accident is irrelevant (Restatement, Conflict of Laws, § 592). The order should be modified by deleting from the ordering paragraph the reference to paragraphs 9th, 10th, 11th and, as modified, affirmed. (Appeal from order of Monroe Special Term granting plaintiff's motion to strike certain paragraphs from the amended answer of defendant Harvester Co.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.