20985

Nancy S. ZWERLING, Appellant, v. Martin H. ZWERLING, Respondent.

(255 S. E. (2d) 851)

*John Beasley* and *James D. Jefferies,* Greenwood, *for appellant.*

*C. LaVaun Fox,* Aiken, *William H. Burkhalter, Jr.,* of *Garvin, Fox, Zier & Burkhalter,* North Augusta, *for respondent.*

June 13, 1979.

GREGORY, Justice:

This appeal is from the order of the family court refusing to enforce three separate money judgments against respondent Martin H. Zwerling. The money judgments were obtained by appellant Nancy S. Zwerling in the Supreme Court of Suffolk County, New York. We hold the family court was without jurisdiction over the subject matter of this action.

Appellant and respondent were divorced by order of the Supreme Court of Suffolk County, New York, dated December 3, 1974. Respondent remarried on December 28, 1974 and thereafter moved with his new bride to this State. See *Zwerling v. Zwerling,* 270 S. C. 685, 244 S. E. (2d) 311 (1978).

In March, June, and July, 1977, appellant obtained three separate money judgments for support payments that were past due under the parties' separation agreement. Each judgment was obtained in New York after personal service upon respondent in this State.

Appellant commenced this action in October 1977 to enforce the New York judgments in this State. The action was originally brought in the Court of Common Pleas but was transferred to the Family Court of the Second Judicial Circuit by order of the circuit judge. The case was transferred by the circuit judge *ex mero motu.*

By order dated June 15, 1977, the family court refused to enforce the New York judgments after finding that the New York court lacked personal jurisdiction over respondent.

On appeal appellant contends the family court was without jurisdiction over the subject matter of this action. We agree.

The obligation of support that appellant seeks to enforce against respondent does not arise from a statutory duty of family support. Neither does it arise from a duty that was judicially imposed as an incident of a divorce decree.

The only obligation respondent may have to contribute to the support and maintenance of appellant arises, if at all, from the separation agreement entered into by and between the parties prior to their divorce. Under the terms of the separation agreement respondent agreed to pay appellant $350 per week for her support and maintenance. This agreement was not incorporated or merged into the parties' divorce decree, as is shown by the following quotation from the divorce order issued by the New York Court:

[T]he Separation Agreement entered into between the parties on the 11th day of September, 1974, a copy of which is on file with the Court, shall survive and shall not be merged in this judgment and the Court retains jurisdiction of the matter concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of that Agreement as are capable of specific enforcement or, to the extent permitted by law, of making such further decree with respect to alimony as it finds appropriate under

the circumstances existing at the time application for that purpose is made to it, or both . . ..

The above quoted language plainly states that although the Supreme Court of Suffolk County, New York retained jurisdiction to enforce the parties' separation agreement, the agreement was not made a part of the divorce decree. This fact is further confirmed by the following portion of the agreed statement of fact contained in the transcript of record:

The decree [of December 3, 1974] granted the appellant a divorce from the respondent and the decree ordered, *inter alia*, that the separation agreement entered into by the parties within the State of New York on September 11, 1974, would survive and not merge in the New York decree of divorce.

The separation agreement was negotiated and exe-
█    cuted as a contract between the parties. The con-
tractual nature of the agreement was not changed by the parties' divorce since the divorce decree and the separation agreement did not merge. *Jeanes v. Jeanes,* 255 S. C. 161, 177 S. E. (2d) 537 (1970). Thus, any obligation arising under the agreement would be a contractual obligation and would be enforceable only by resort to ordinary contract remedies.

Appellant brought this action against respondent
█    seeking damages under the contractual agreement
between the parties. Although the action was initially brought in the Court of Common Pleas, it was ultimately prosecuted in the family court after being transferred there by order of the circuit judge. We think it is clear that the limited subject matter jurisdiction of the family court does not extend to ordinary actions *ex contractu,* and we therefore hold that the order of the family court in this matter is void for lack of subject matter jurisdiction.

Accordingly, the order of the family court is vacated, and the case is remanded to the family court for the purpose of

entering an appropriate order transferring the case back to the Court of Common Pleas.

Vacated and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.