## 21128

Patricia H. FIELDEN, Respondent, v. Charles L. FIELDEN,
Appellant

(262 S. E. (2d) 43)

*Robert S. Haight, Jr.,* and *Harry Pavilack,* Myrtle Beach,
*for appellant.*

*D. W. Green, Jr.,* of *Burroughs, Green & Sasser,* Conway,
*for respondent.*

January 17, 1980.

*Per Curiam:*

This appeal is taken from an Order of the Family
Court, issued March 30, 1979, interpreting and en-
forcing a provision of a Separation Agreement en-

tered into between the parties on November 10, 1977. The record before this Court is void of any indication that this agreement was incorporated or merged into any Family Court order issued prior to the Order now on appeal.[1] The action is then of a contractual nature.

Family Courts have no subject matter jurisdiction over actions in contract. *Zwerling v. Zwerling,* S. C. 255 S. E. (2d) 850 (1979) ; *McGrew v. McGrew,* S. C., 257 S. E. (2d) 743 (1979). Lack of subject matter jurisdiction cannot be waived and should be taken notice of by this Court on its own motion. *Harden v. S. C. H. D.,* 266 S. C. 119, 221 S. E. (2d) 851 (1976) ; *McCullough v. Mc-Cullough,* 242 S. C. 108, 130 S. E. (2d) 77 (1963).

Accordingly, the Order of the Family Court is vacated.

---

[1] This Court is aware of the May 16, 1979 Divorce Decree which incorporated the 1977 Separation Agreement. However, that event, which occurred subsequent to entry of the Order on appeal, cannot operate to cure the Family Court's lack of subject matter jurisdiction at the time that Order was issued.