OPINION OF THE COURT
Martin B. Stecher, J.
Relying on the provisions of section 244 of the Domestic Relations Law, the plaintiff wife seeks the entry of judgment against her husband for arrears of “unpaid child support and spousal support and maintenance.” The defendant husband has not appeared. The issue, as I perceive it, however, is one of jurisdiction.
The parties were married in Milwaukee in 1956; they had two children. It is not clear where the parties resided during their lives together or where the children were born. It is apparent, however, that in 1976 they were residents of the State of California, for in that year the Superior Court of California, Los Angeles County, granted a judgment of divorce in favor of the plaintiff against the defendant, awarding the plaintiff custody of the children and substantial other relief, including support for herself and for the children.
Mrs. Glotzer is now a resident of New York County and on June 23, 1981, pursuant' to the provisions of CPLR article 54, the California judgment of divorce was filed with the County Clerk of this county. The theory under which the plaintiff seeks to proceed is that by the act of filing the foreign judgment, the judgment has become a New York judgment and is entitled to the same enforcement as any other New York judgment would be entitled to.
*852 Superficially, the argument is attractive but on close examination it is clear that this court lacks jurisdiction to grant the relief requested because there is no showing that Mr. Glotzer has ever been a resident of this State or that he was served within this State or that any of the events described in section 230 of the Domestic Relations Law occurred entitling this court to assert jurisdiction. In fact, pursuant to the order to show cause by which this motion was initiated, Mr. Glotzer was served by mail in California.
By definition (CPLR 5401) the judgment of the California court is a “foreign judgment” entitled to filing and by statute “has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner” (CPLR 5402, subd [b]). That a judgment of divorce is entitled to such filing has been made clear by a number of cases decided in this jurisdiction (Mittenthal v Mittenthal, 99 Misc 2d 778; Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, affd 61 AD2d 1003; Hill v Gottwald, 79 Misc 2d 40). In each of these cases enforcement procedures were brought in the form of a plenary action and in each the defendant was within this jurisdiction when the enforcement proceeding was begun and the court acquired in personam jurisdiction over that defendant. Such is not the case here.
It is the ease of enforcement under section 244 of the Domestic Relations Law that creates the confusion in this case. Before that statute’s enactment in substantially its present form a plenary action was necessary in order to acquire a judgment for arrears. Had a plenary action been brought there would be no question about the need to acquire in personam jurisdiction. The Legislature, however, intended by this statute “to eliminate the burden of plenary or protracted litigation to enforce the wife’s established rights under a matrimonial decree. [The statute] is intended to afford summary relief for the nonpayment of alimony * * * It is, in effect, a motion for summary judgment”. (Pecukonis v Pecukonis, 49 AD2d 985.) In theory, by utilizing this procedure we are continuing jurisdiction already acquired and enforcing the judgment previously *853 entered in that case (Lo Cascio v Lo Cascio, 101 Misc 2d 679). But always, it is clear, jurisdiction must have been obtained in this State over the defendant.
The entry of a judgment of another State as our own judgment presents no due process problems because there is a presumption that the party against whom the judgment was rendered was, at the time, subject to the jurisdiction of the foreign court and had a full and fair opportunity to defend that action. Giving, as we do, full faith and credit to the judicial judgments and decrees of the courts of sister States, there is no due process impediment to entering such a judgment in this State and enforcing it, even though this defendant may never have been here. Under the usual circumstances enforcement of such a judgment becomes no problem because the rights of the parties have already been adjudicated, the entry of judgment is a purely ministerial act and no further finding of fact is necessary.
It is at this juncture that the instant case founders.
Mrs. Glotzer is not seeking to enforce an unpaid sum already adjudicated. What she is seeking is a judgment for obligations which accrued following the entry of the California judgment. In order to grant such relief, it would be incumbent upon this court to make a finding that Mr. Glotzer failed to make certain payments and that those payments aggregate a specific sum of money for which a further judgment would be entered:
Such additional fact finding was never contemplated by the Legislature in enacting CPLR article 54, and if that had been the Legislature’s intention, the statute, in my judgment, would have been unconstitutional.
In order to make new findings of fact leading to a new judgment, in personam jurisdiction must be acquired. Such jurisdiction can only be had if the defendant had “certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice’ ” (International Shoe Co. v Washington 326 US 310, 316; cf. Uniform Support of Dependents Law, Domestic Relations Law, art 3-A).
Accordingly, absent a demonstration of in personam jurisdiction over Mr. Glotzer, the relief requested cannot be *854 granted. The various other relief sought in this motion is all dependent upon the grant of the judgment for arrears which has been declined and is likewise therefore denied.
The plaintiff is free, of course, to seek the entry of a money judgment in California and docket that here as a judgment enforceable under CPLR article 54, and leave is granted to renew this application upon a demonstration of jurisdiction over Mr. Glotzer.
The motion is denied.