1032

Marguerite S. AUSTELLE, Respondent-Appellant v.
Wallace T. AUSTELLE, Appellant-Respondent.

(362 S. E. (2d) 181)

Court of Appeals

*Ronald M. Childress* of *Childress & Mille,* Columbia, *for appellant-respondent.*

*Eugene F. Rogers* of *Rogers & Koon, P.A.,* Columbia, *for respondent-appellant.*

Heard Sept. 22, 1987.

Decided Oct. 26, 1987.

CURETON, Judge:

This is a domestic case. The parties were divorced by order of the County Court of Orangeburg County on November 8, 1976. Prior to the divorce, they executed a support and property settlement agreement. At the request of the wife, the agreement was confirmed and made a part of the county court's order as if it were fully set forth. This action was commenced by the wife in 1986 in the Family Court of Orangeburg County. She alleged the husband was in contempt of court for failing to comply with the alimony, vacation, and life insurance provisions of the prior agreement. The husband denied the allegations and asked the family court to amend the settlement agreement due to a change in his financial circumstances. The court found the husband in contempt regarding the alimony payments but not with respect to the insurance or vacation matters. Both parties appeal. We vacate for lack of subject matter jurisdiction.

The issue concerns the "Support and Property Settlement Agreement" (hereafter referred to as the agreement) and the power of the family court to enforce or modify it. When the parties were divorced in 1976 there were no family

courts and the action was handled by the County Court of Orangeburg County. County courts were later abolished and their jurisdiction devolved upon the unified court system. Act. No. 690, Article VII, Section 5, 1976 S. C. Acts 1859, 1874.

The 1976 agreement contains, in part, the following provisions:

> "FIRST: That the husband shall pay to the wife alimony in amount of One Thousand Three Hundred and 00/100 ($1,300.00) Dollars monthly ... it is agreed and understood by and between the parties that said payments shall not be increased and decreased under any circumstances whatsoever regardless of changes in the circumstances of one or both of the parties for better or for worse. . . ."

> "THIRD: [T]he husband further agrees to provide for the wife a three week vacation at Hilton Head, South Carolina, at the condominium owned by his company. In the event the condominium is sold or otherwise disposed of, voluntary or involuntary, the husband agrees to provide funds for the wife so as she may obtain similar facilities ... the husband shall deliver to the wife one-half (½) of all paid up life insurance which he has in force but not to be less that a minimum of Forty-Five Thousand ($45,000.00) Dollars paid up life insurance."

> "NINTH: The parties hereto expressly agree that neither of them will by any action or proceeding or in any manner apply for a modification of the terms of this instrument."

> "TENTH: This Agreement shall be binding upon the parties, their personal representatives, heirs, next of kin and assigns."

The husband argues for the first time on appeal the family court did not have subject matter jurisdiction to enforce the parties' agreement. Of course, it is axiomatic that subject-matter jurisdiction cannot be waived. *Fielden v. Fielden*, 274 S. C. 219, 262 S. E. (2d) 43 (1980). This court, therefore, unfortunately again finds itself bogged in the quagmire of judicial interpretation of mar-

riage dissolution contracts executed prior to *Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983).

Under pre-*Moseley* case law, an alimony award based upon an agreement of the parties did not defeat the family court of subject-matter jurisdiction to enforce and modify the award provided the agreement had become an integral part of a court decree and had lost its character as a separate agreement. *See, Kelly v. Edwards*, 276 S. C. 368, 278 S. E. (2d) 773 (1981); *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 850 (1979); *Jeanes v. Jeanes*, 255 S. C. 161, 177 S. E. (2d) 537 (1970). The question of whether or not the agreement retains its separate character revolves around the intent of the parties. *Bryant v. Varat*, 278 S. C. 77, 292 S. E. (2d) 298 (1982).

The threshold question is whether this agreement, the decree and record in the 1976 divorce action, evidences the intention that it would retain its separate existence as a contract. The county court order states, "the court has reviewed [the agreement] and finds it to be in proper form and confirms its contents and makes it a part of this order." We note from the order Mr. Austelle was not present at the 1976 hearing. No Transcript of that hearing is contained in the record.

Both parties refer to the agreement as having been incorporated into the decree. As stated in *Moseley*, the word "incorporate" is a word of art. The litany of such words of art includes "incorporate," "merge," "adopt," and "approve." *Moseley*, 279 S. C. at 352, 306 S. E. (2d) at 626.

The intention of the parties and whether they relinquished their contractual rights in favor of complete governance by the terms of the decree is dispositive. The Supreme Court has held agreements which were incorporated but not merged furnished the family court no subject-matter jurisdiction over them. *Kelly, supra; Bryant, supra.*

It is clear to us from reading the agreement the parties intended to withhold from the county court the authority to determine any of their rights and obligations created by their agreement. We discern no intent on the part of the Austelles to relinquish their contractual

rights in favor of governance by a divorce decree. We therefore hold the language in the agreement evidences the intent of the parties to be bound solely by the support agreement in determining their rights and liabilities. The current dispute between the parties, accordingly concerns a contractual obligation and the family court is without subject-matter jurisdiction. *Jeanes v. Jeanes, supra; Zwerling v. Zwerling, supra.*

Further, if the wife is claiming that *Moseley* applies ■ retroactively to this case, her claim is without merit. *Moseley* applies prospectively only. *Funderburk v. Funderburk*, 281 S. C. 246, 315 S. E. (2d) 126 (Ct. App. 1984), quashed on other grounds, 286 S. C. 129, 332 S. E. (2d) 205 (1985); *Sattler v. Sattler*, 284 S. C. 422, 327 S. E. (2d) 71 (1985).

The recent decision of the Supreme Court in *Coble v. Coble*, 361 S. E. (2d) 339 (S. C. 1987) makes it clear that a pre-*Moseley* agreement which has not become a part of a court decree so as to lose its separate contractual character cannot be enforced in the family court. The *Coble* agreement was neither incorporated nor merged in the divorce decree filed in 1981. Therefore, the family court had no subject matter jurisdiction in 1985 to enforce the purely contractual agreement.

Because we hold the family court did not have subject-matter jurisdiction to deal with the issues raised by the parties, we need not discuss their other arguments.

Accordingly, the order of the family court is

Vacated.

SHAW and BELL, JJ., concur.