■ PAUL LAUTER, Respondent, v FLORENCE HOWE, Appellant.

Plaintiff commenced a partition action and defendant counterclaimed for divorce, based upon a common-law marriage. The judgment of divorce incorporated by reference a stipulated settlement entered into by the parties during trial. It provided that plaintiff would deed over to defendant certain real property upon payment of the sum of $70,000 by a date certain, four months after entry of the stipulation. If payment was not made within four months, defendant was required to pay $75,000. Defendant's failure to timely pay the settlement amount resulted in the instant application.

Defendant argues that the court was without power to grant the application because the stipulated settlement allegedly terminated the action, leaving plaintiff to a plenary action as the only vehicle for enforcement. Domestic Relations Law § 244 provides that a court retains jurisdiction to enter an order, upon application, directing payment of any arrears or any other payments required by a judgment of divorce. Here, the judgment of divorce incorporated by reference the stipulated settlement, and the court was well within its power to effect enforcement without the necessity of plaintiff commencing a new action.

We also reject defendant's claim that the additional payment of $5,000 constitutes a liquidated damages clause so disproportionate to actual damages so as to render it unenforceable. The stipulation was entered into at arm's length by the parties, both of whom were represented by counsel. Additionally, it did not purport to reflect otherwise unascertainable damages in the event of late payment. The additional settlement payment of $5,000 merely reflected plaintiff's willingness and defendant's agreement to settle the action for $75,000 in the event payment were not made within four months of the stipulation. In any event, it cannot be said that payment of the additional $5,000 represents liquidated damages since it emanates from equitable distribution under the divorce judgment or that, if it were deemed such a recovery, that it is so disproportionate as to constitute an unenforceable penalty.

We have considered defendant's remaining argument analogizing the settlement payment to the purchase of real property and time-of-the-essence clauses, and reject it. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.