■ In the Matter of EDWARD A. ZAMJOHN, Appellant, v BARBARA ZAMJOHN, Respondent.—Weiss, J.

Petitioner and respondent were divorced on December 7, 1981 after 26 years of marriage. A stipulation of settlement was placed upon the record in open court and incorporated into but not merged in the judgment of divorce. The stipulation and judgment provided, *inter alia,* for payment of permanent maintenance in the amount of 30% of petitioner's gross pay to respondent. Thereafter, on August 28, 1985 the parties entered into a written agreement modifying petitioner's permanent maintenance obligation downward to $115 per week. In this agreement, the parties acknowledged that the divorce judgment could be amended nunc pro tunc; however, despite their expression of intent, a direct application to amend the judgment to reflect the agreement was never made to any court.[1]

By petition dated August 12, 1988, petitioner sought downward modification of his maintenance obligation both under the judgment and under the amended agreement. Respondent cross-petitioned on November 1, 1988 for a judgment of arrears and for an income deduction order under Family Court Act § 454 and CPLR 5242. After a hearing, Family Court determined that: petitioner failed to justify a downward modification; while the amended agreement had not been incorpo-

___

1. Such an application to Supreme Court would (or could) moot the jurisdictional issues herein.

rated into any court order, it did modify the original stipulation; the agreed-upon reduction to $115 per week as a practical matter had resulted in respondent receiving some $9,000 less maintenance than that provided by the divorce judgment; petitioner was $1,035 in arrears under the amended agreement; and respondent was entitled to an order directing payment of the arrears and an income deduction order for future maintenance payments.

On appeal, petitioner now contends that Family Court lacked subject matter jurisdiction with regard to the amended agreement and the obligations thereunder, which remained solely a contract unincorporated into any court order, and that Family Court improperly denied his application for a downward modification.

Initially, we find that Family Court, unlike Supreme Court, does not have subject matter jurisdiction either to modify or enforce the amended agreement which stands as an independent contract between the parties (see, Kleila v Kleila, 50 NY2d 277, 283; see also, Merl v Merl, 67 NY2d 359, 362; Matter of Cohen v Seletsky, 142 AD2d 111, 120), even though it does have jurisdiction to modify the maintenance provision of a judgment of divorce where, as here, future support issues were specifically referred to Family Court (see, Family Ct Act § 466 [c]; Matter of Cohen v Seletsky, supra).[2]

Petitioner sought, inter alia, a modification of his maintenance obligation under the judgment of divorce based upon the provision in the incorporated stipulation which provides that when his full-time pay is less than $15,000, the amount of respondent's permanent maintenance may be set by Family Court. The petition was made after petitioner had elected to take an early retirement at age 55 and was voluntarily unemployed. In denying the petition and granting relief to respondent, Family Court erroneously assumed that the unincorporated agreement had the force of a court order, and neglected to exercise its authority to modify the court order for maintenance to reflect the parties' new agreement (permanent maintenance at $115 per week) or to otherwise fix a maintenance obligation. The result was to effectively elimi-

2. Whether or not the amended agreement is ever incorporated into an order for the payment of maintenance, the parties' contract rights and obligations remain distinct and enforceable in a contract action. These contract rights remain unaffected by these proceedings. In the event of an incorporation into an amended judgment of divorce, only Supreme Court could modify the agreement using the extreme hardship standard under Domestic Relations Law § 236 (B) (9) (b).

nate respondent's permanent maintenance but to enforce her contract rights. Accordingly, the order must be reversed and the proceeding remitted to Family Court to determine the amount of maintenance to be paid to respondent, all without prejudice to respondent's contract rights under the stipulation or modification agreement.

Order reversed, on the law, without costs, matter remitted to the Family Court of Schoharie County for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.