■ In the Matter of LINDA ARNOLD, Appellant, v RICARDO FERNANDEZ, Respondent.—Weiss, P. J. Appeal from an amended order of the Family Court of Ulster County (Peters, J.), entered November 5, 1990, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia,* direct respondent to pay for the orthodontic care of the parties' child.

The parties, who married in 1966 and divorced in 1980, have three children, the youngest of which remains unemancipated and in the custody of petitioner. Prior to divorce, the parties entered into a separation agreement which, *inter alia,* provided for child support. In the agreement respondent obligated himself to maintain health insurance on the children and to pay for "all necessary medical, dental, hospitalization,

nursing, and surgical expenses". The agreement provided that in the event the parties were divorced, the "provisions of this agreement, or the substance thereof, shall be incorporated in such decree, but, not withstanding such incorporation, this agreement shall not be merged in such decree, but shall in all respects survive the same and be forever binding and conclusive upon the parties". The judgment of divorce made no reference to the agreement.

Petitioner commenced this proceeding seeking an upward modification of respondent's child support obligation and a declaration that respondent is obligated to pay for all of the medical, dental and orthodontic expenses for the unemancipated child. After a hearing, a Hearing Examiner found that respondent's child support obligation should be increased from $70 to $74 per week, that respondent was "liable to continue to provide medical insurance for [the] child", and determined that respondent was responsible for 66.5% of the unreimbursed medical expenses and 66.5% of the dental, prescription and orthodontic care. Upon appeal, Family Court modified a June 21, 1990 order of support to increase the child support to $74 weekly, awarded arrearages to petitioner, directed respondent to pay all necessary medical, dental, hospitalization, nursing and surgical expenses for the child and 72% of all other health care expenses, "most specifically orthodontic care". It is this latter portion of the determination to which petitioner has directed her appeal.*

Initially, Family Court was correct in finding that it lacked jurisdiction to enforce or to modify the separation agreement which remains an independent contract between the parties (see, Matter of Zamjohn v Zamjohn, 158 AD2d 895, 896) which has survived the judgment of divorce (see, Small v Small, 115 AD2d 201, 202). The contract rights remain unaffected by these proceedings and the obligations thereunder remain distinct and enforceable in a contract action in an appropriate court. The issue thus distills to whether the language in the separation agreement which obligates respondent to pay for various expenses includes orthodontic treatment. The relevant words are, "Notwithstanding anything in this section to the contrary, [respondent] acknowledges he is responsible for all necessary medical, dental, hospitalization, nursing, and surgi-

---

* Respondent has not appealed. Accordingly, his challenges to that portion of the agreement directing him to pay "all necessary medical, dental, hospitalization, nursing, and surgical expenses" are not properly before this court.

cal expenses." We therefore hold that Family Court erred by apportioning responsibility for other health care expenses, "most specifically orthodontic care", between the parties. Orthodontics is that branch of dentistry which deals with the development, prevention, and correction of irregularities of the teeth and malocclusions. We hold that orthodontic expenses are clearly dental expenses *(see, Matter of Kelleman v Kelleman,* 101 AD2d 668) and within the plain language of the agreement.

Mikoll, Levine and Mercure, JJ., concur. Ordered that the amended order is modified, on the law, with costs to petitioner, by reversing so much thereof as ordered that respondent is responsible for 72% of all other health care expenses of the child, most specifically orthodontic care, not detailed in the separation agreement, and, as so modified, affirmed.