■ DEBORAH H. VAN GORDER, Appellant, v WAYNE R. VAN GORDER, Respondent. [633 NYS2d 687] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 9, 1994 in Ulster County, which, *inter alia,* granted defendant's motion for a money judgment pursuant to Domestic Relations Law § 244.

In the stipulation of settlement of their matrimonial action that was subsequently incorporated, but not merged, in the judgment of divorce, defendant agreed to be responsible for all outstanding income tax liens and deliver the appropriate releases to plaintiff. She, in turn, agreed, within 30 days of the receipt of the releases, to pay defendant $15,000 in monthly installments of $160. She further agreed, within 60 days of the receipt of the releases, to pay the balances due on several of the parties' joint credit cards. Defendant delivered the tax releases on May 13, 1994; plaintiff, however, failed to make any of the aforementioned payments. This led defendant to make this application, pursuant to Domestic Relations Law § 244, for a money judgment which Supreme Court granted, prompting this appeal by plaintiff.

Inasmuch as Domestic Relations Law § 244 encompasses arrears in any payments that should have been paid pursuant to a judgment or order, Supreme Court did not err in including the balances due on the parties' joint credit card accounts in the judgment (*see, Paul v Paul*, 200 AD2d 820, *lv dismissed* 83 NY2d 953; *Lauter v Howe*, 158 AD2d 393, 394). We need not address plaintiff's concern that she will continue to be obligated to the credit card companies if defendant does not pay them in light of his assurance that he is doing so. In any event, plaintiff would not be without remedy if he failed to do so.

We will reduce the judgment by $100 as that sum represents motion costs awarded defendant in a prior order later reversed by this Court (*see, Van Gorder v Van Gorder*, 213 AD2d 893).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reducing the judgment to $9,744.60, and, as so modified, affirmed.