GARY C. ENCK, Appellant, v BARBARA A. ENCK, Respondent. [645 NYS2d 121] —Mercure, J.

The parties were married on June 2, 1973 and divorced in 1987. The amended judgment of divorce incorporated but did not merge the parties' May 1986 separation agreement, which provided, among other things, that plaintiff pay defendant maintenance in the amount of $400 per week, commencing July 15, 1987.

On February 28, 1992, the parties modified the separation agreement to the extent of providing that, for the two-year period between January 1, 1992 and December 31, 1993, plaintiff's maintenance obligation would be reduced to $200 per week. The stipulation specifically provided that, following the conclusion of this two-year period, plaintiff was to resume paying maintenance in the amount of $400 per week as provided in the original agreement. After December 31, 1993, however, plaintiff continued to make payments to defendant in the amount of $200 per week, prompting defendant to bring this motion pursuant to Domestic Relations Law § 244 to enforce the maintenance provision of the separation agreement. Supreme Court, *inter alia*, granted defendant an award of

maintenance arrears of $11,800, together with interest, costs and disbursements, and denied plaintiff's cross motion to modify his maintenance obligations. This appeal by plaintiff ensued.

We affirm. Plaintiff's sole argument on appeal is that Supreme Court erred in granting defendant judgment pursuant to Domestic Relations Law § 244 instead of requiring defendant to commence a plenary action pursuant to the terms of the separation agreement. Contrary to plaintiff's assertions, there is no question that the parties' separation agreement was "incorporated by reference" into their judgment of divorce as contemplated by Domestic Relations Law § 244, and Supreme Court appropriately applied the clear language of that statutory provision to the circumstances present here (*see, e.g., Lloyd v Lloyd*, 226 AD2d 816; *Van Gorder v Van Gorder*, 221 AD2d 858; *Paul v Paul*, 200 AD2d 820, *lv dismissed* 83 NY2d 953; *cf., Matter of Handler v Selbert*, 221 AD2d 788, 789).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.