510 S.E.2d 426

**Janet R. PETERSON, Respondent,**

v.

**Ralph E. PETERSON, Appellant.**

No. 2888.

Court of Appeals of South Carolina.

Heard Sept. 1, 1998.

Decided Oct. 5, 1998.

Marion O. Hanna, of Columbia, for appellant.

Keri A. Jordan, of Ruth & MacNeille, of Hilton Head Island, for respondent.

CURETON, Judge:

Janet R. Peterson (Wife) brought this action against her ex-husband, Ralph E. Peterson (Husband), to enforce support provisions contained in a settlement agreement between the parties. After the family court ruled in Wife's favor, and then amended the ruling, Husband appealed, asserting the family court did not have jurisdiction of the matter. We agree, and vacate the decision of the family court.

## FACTS

The parties were married in New York on July 1, 1944. During the marriage, six children were born. The couple separated on January 7, 1967, and entered into a separation agreement dated February 14, 1968.

The agreement provided in part that Husband, during his life, would pay spousal maintenance to Wife while Wife remained unmarried. After the youngest child completed her undergraduate education, Husband would pay wife a minimum of $350 per month, which would be "increased by twenty (20%) percent of the gross increase of salary earned by the Husband for the year ending the previous December 31st over his present salary of $25,000.00 per annum." The parties were divorced by decree in New York in September 1970.

In April 1994, Wife brought suit in Beaufort County family court against Husband, then a resident of South Carolina, to enforce the spousal maintenance provision of the separation agreement. Wife alleged Husband, in January 1991, unilaterally decreased her payments from $1,578 per month to $798 per month, and in January 1992, decreased her payments further to $350.00 per month. Wife submitted Husband was then in arrears in his support payments in the amount of $42,426, and asked the court, *inter alia,* to order Husband to resume payments of $1,578 per month, to pay the arrears, with interest, and to pay her attorney's fees.

Husband answered in defense that the amount of the payments in excess of $350 were based on his "salary," and that he was no longer earning a salary as he had retired. The

family court found the term "salary" included "any and all income of the Defendant," and ordered interpretation of the agreement in accordance with such finding. The court did not address the arrearages or attorney's fees. Neither party appealed.

Some eight months later, Wife filed a Motion for Relief from Order in Accordance with SCRCP Rule 60(a) with respect to the arrearages and attorney's fees. The Motion claimed the court did not specifically address these issues, and requested a "specific ruling ." The court subsequently amended its original order to address the arrearages, but found "no proof of attorney's fees was offered to [the] Court," and declined to award them.

Husband appealed the amended order on several grounds, including that the family court order should be declared void *ab initio* because the family court lacked subject matter jurisdiction to interpret the separation agreement. Because we agree with Husband's assertion, we do not need to address his other grounds for reversal.

## LAW/ANALYSIS

Husband contends the separation agreement, executed in 1968, is governed by the law in South Carolina prior to the decision of *Moseley v. Mosier*, 279 S.C. 348, 306 S.E.2d 624 (1983). We agree.

In *Moseley*, the supreme court decreed that thereafter "jurisdiction for all domestic matters, whether by decree or by agreement, will vest in the family court." *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627. Under pre-*Moseley* law, the family court retained jurisdiction over a separation agreement only if the parties provided that the agreement had become an integral part of a court decree and had lost its character as a separate agreement. [*Austelle v. Austelle*, 294 S.C. 19, 22, 362 S.E.2d 181, 183 (Ct.App.1987).] However, "agreements which were incorporated but not merged furnished the family court no subject-matter jurisdiction over them." *Id.*; *see Bryant v. Varat*, 278 S.C. 77, 292 S.E.2d 298 (1982) (holding the family court lacked subject matter jurisdiction over a 1978 agreement incorporated but not merged into a divorce decree).

*Treadaway v. Smith,* 325 S.C. 367, 373, 479 S.E.2d 849, 853 (Ct.App.1996).

■ In South Carolina, the construction of a separation agreement is a matter of contract law; therefore, the intention of the parties is controlling. *Estate of Revis v. Revis,* 326 S.C. 470, 484 S.E.2d 112 (Ct.App.1997). The Peterson separation agreement states:

> Each of the parties hereto covenants and agrees that in the event of [sic] any action for absolute or limited divorce is instituted at any time hereafter by any party in any jurisdiction whatsoever, the parties shall be bound by all the terms of this separation agreement and this agreement, if acceptable to the Court, shall be incorporated by reference in any decree that may be granted by said Court. Notwithstanding such incorporation this agreement shall not be merged in any such judgment or decree, but this agreement and all the terms thereof shall survive and be separate from such decree, and the parties hereto shall be bound to the performance of this agreement in accordance with the terms hereof.

This language evidences a clear intent that the agreement retain its contractual nature even if subsequently incorporated in the divorce decree. As in *Zwerling v. Zwerling,* 273 S.C. 292, 255 S.E.2d 850 (1979):

> The obligation of support that [Wife] seeks to enforce against [Husband] does not arise from a statutory duty of family support. Neither does it arise from a duty that was judicially imposed as an incident of a divorce decree.
>
> The only obligation [Husband] may have to contribute to the support and maintenance of [Wife] arises, if at all, from the separation agreement entered into by and between the parties prior to their divorce. . . .

*Id.* at 294, 255 S.E.2d at 851.

■ Lack of subject matter jurisdiction may not be waived, even by consent of the parties. *Anderson v. Anderson,* 299 S.C. 110, 382 S.E.2d 897 (1989). As the court did in *Zwerling,* we find Husband's obligation under the agreement is enforceable only by resort to ordinary contract remedies. *Wilson v. Wilson,* 274 S.C. 516, 266 S.E.2d 65 (1980). Since the family court's subject matter jurisdiction

does not extend to actions *ex contractu,* we hold the family court's orders in this matter are void for lack of subject matter jurisdiction. *Zwerling,* 273 S.C. 292, 255 S.E.2d 850; *see Bryant v. Varat,* 278 S.C. 77, 292 S.E.2d 298 (1982) (when language revealed intent that agreement retain its contractual nature, the dispute concerned a contractual obligation and the family court was without subject matter jurisdiction); *Kelly v. Edwards,* 276 S.C. 368, 278 S.E.2d 773 (1981) (when language evidenced intent that parties be bound by agreement in determining rights and liabilities thereunder, the family court was without jurisdiction to determine contractual obligations); *Fielden v. Fielden,* 274 S.C. 219, 262 S.E.2d 43 (1980) (where agreement was not incorporated or merged into any family court order, the action to enforce the agreement was contractual in nature and family courts have no subject matter jurisdiction over actions in contract); *Ratchford v. Ratchford,* 295 S.C. 297, 368 S.E.2d 214 (Ct.App.1988) (where language evidenced intent that agreement retain its contractual nature despite incorporation in the divorce decree, the family court's order was void for lack of subject matter jurisdiction).

Wife responds that both S.C.Code Ann. § 20-7-420 [1] and § 20-3-170 [2] confer the necessary jurisdiction upon the family court. Both code sections were extant when *Moseley v. Mosier* was issued. We presume the court knew of these

---

**1.** This section provides, in relevant part:

The family court shall have exclusive jurisdiction:

. . .

(13) In all cases or proceedings within the county against persons charged with failure to obey an order of the court made pursuant to authority conferred by law.

. . .

(25) To modify or vacate any order issued by the court.

. . .

**2.** Whenever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments. . . .

S.C.Code Ann. § 20-3-170 (1997).

provisions when it rendered that decision. This court does not have the power to overturn the supreme court on this basis.

Wife next contends the spousal support obligation stems not from just the Separation Agreement, but also the divorce decree, which provides in part: "ORDERED, ADJUDGED AND DECREED that the plaintiff shall pay to the defendant the amount of support and maintenance as per the terms of the seperation [sic] agreement, . . . ."

We do not believe this statement is dispositive. The governing issue is *not* whether the decree orders the support provision of the Agreement to be performed, but rather, "[t]he intention of the parties and whether they relinquished their contractual rights in favor of complete governance by the terms of the decree." *Austelle v. Austelle*, 294 S.C. 19, 22, 362 S.E.2d 181, 183 (Ct.App.1987). We have already determined the Petersons' agreement evidenced an intent that it retain its separate character. As in *Austelle*, we

> hold the language in the agreement evidences the intent of the parties to be bound solely by the support agreement in determining their rights and liabilities. The current dispute between the parties, accordingly concerns a contractual obligation and the family court is without subject matter jurisdiction.

*Id.* at 23, 362 S.E.2d at 183–84.

Wife asserts the agreement is entitled to "full faith and credit" by South Carolina courts, citing *Scheper v. Scheper*, 125 S.C. 89, 118 S.E. 178 (1923) and *Marshall v. Marshall*, 282 S.C. 336, 318 S.E.2d 133 (Ct.App.1984). This argument is inapposite. Our holding herein does not prevent Wife from bringing her action in a court of competent jurisdiction; it simply precludes her from prosecuting her claim in a *family* court in South Carolina.

> [T]he spirit of comity does not require that a nonresident shall be allowed a remedy which by the policy of the state law is denied to its own citizens, since comity goes no further than to require the recognition and enforcement of the law of the place of the right, leaving the actual enforcement to the state called upon to enforce such law by the use

of its own forms and machinery as far as the same can be adapted to the end in view.

16 Am.Jur.2d *Conflict of Laws* § 118 (1979).

Wife next argues we should apply New York law to interpretation of the agreement.[3] This opinion does not, however, *interpret* the agreement. Again, we merely hold the agreement cannot be *enforced* or *modified* by the family court in South Carolina because South Carolina family courts lack the necessary subject matter jurisdiction.

Wife asserts "[i]n limited circumstances the Family Court in New York can modify the terms of a Separation and Property Settlement Agreement which is incorporated, but not merged into a Final Decree of Divorce." For this proposition, she cites the New York cases of *Goldman v. Goldman,*[4] *McMains v. McMains,*[5] and *Swartz v. Swartz.*[6] We find these cases unpersuasive. The relevant issue in the cases was not whether they could be brought in family court, but whether the lower tribunal[7] had the authority to modify a support provision where there was an incorporated but not merged separation agreement.[8] Jurisdiction was not questioned.

Wife also urges this court to apply New York Domestic Relations Law § 244[9] which allows a court to enforce a

---

3. The agreement contains a provision that "[t]his agreement shall be governed and be construed in accordance with the laws of the State of New York."

4. 282 N.Y. 296, 26 N.E.2d 265 (1940).

5. 15 N.Y.2d 283, 258 N.Y.S.2d 93, 206 N.E.2d 185 (1965).

6. 49 A.D.2d 254, 374 N.Y.S.2d 857 (1975).

7. One of the cases was brought in family court, a second was decided by an arbitrator.

8. Additionally, as we read Judge Fanning's order, the court simply interpreted the term "salary" to include "any and all pension and retirement income of [Husband]," and did not in fact "modify" the agreement.

9. Section 244 states in part:
   Where a spouse in an action for divorce, separation or annulment, or declaration of nullity of a void marriage, or a person other than a spouse when an action for an annulment is maintained after the

payment obligation "incorporated by reference in a judgment." This argument is also inapposite.

The New York legislature enacted Section 244 "to provide an expedited procedure for enforcing support obligations." N.Y.Dom.Rel.Law § 244 comment (McKinney 1997) (Supplementary Practice Commentaries). Before the statute's enactment, a plenary action was necessary in order to acquire a judgment for arrears. *Glotzer v. Glotzer,* 112 Misc.2d 851, 447 N.Y.S.2d 603 (N.Y.Sup.Ct.1982). The New York legislature

> intended by this statute "to eliminate the burden of plenary or protracted litigation to enforce the wife's established rights under a matrimonial decree. [The statute] is intended to enforce summary relief for the non-payment of alimony ... It is in effect a motion for summary judgment."

*Id.* at 605 (quoting *Pecukonis v. Pecukonis,* 49 A.D.2d 985, 374 N.Y.S.2d 382 (1975)).

Section 244 retains jurisdiction in the court "to enter an order, upon application, directing payment of any arrears or any other payments required by a judgment of divorce." *Lauter v. Howe,* 158 A.D.2d 393, 551 N.Y.S.2d 513, 513 (1990). A plaintiff may effect enforcement without being required to commence a new action. *Id.*

The statute was amended in 1988 to permit the enforcement of support provisions contained in a separation agreement where that agreement was not incorporated by reference into the judgment of divorce. *Fishkin v. Fishkin,* 201 A.D.2d 202, 615 N.Y.S.2d 899 (1994). The effect of this amendment was "to

---

death of a spouse, defaults in paying any sum of money as required by the judgment or order directing the payment thereof, or as required by the terms of an agreement or stipulation incorporated by reference in a judgment, such direction shall be enforceable pursuant to section fifty-two hundred forty-one or fifty-two hundred forty-two of the civil practice law and rules. Upon application the court shall make an order directing the entry of judgment for the amount of arrears of child support together with costs and disbursements. The court shall make an order directing the entry of judgment for the amount of arrears of any other payments so directed, together with costs and disbursements, unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.

specifically permit an application by motion practice for a money judgment for arrears accrued under an agreement incorporated into a Judgment of Divorce." *Rothstein v. Rothstein*, 145 Misc.2d 481, 547 N.Y.S.2d 179, 183 (N.Y.Sup.Ct. 1989); *see Enck v. Enck*, 228 A.D.2d 999, 645 N.Y.S.2d 121 (1996) (Supreme Court did not err in granting judgment pursuant to § 244 when parties' separation agreement was incorporated by reference into their judgment of divorce). The amendment applies retrospectively to judgments entered before the effective date. *Curtis v. Curtis*, 151 A.D.2d 945, 543 N.Y.S.2d 220 (1989).

As in South Carolina, New York's family courts are courts of limited jurisdiction and "may exercise only those powers specifically granted to [them] by the State Constitution or statute." [10] *In re Russell "RR"*, 242 A.D.2d 770, 661 N.Y.S.2d 844 (1997); *Howard v. Janowski*, 226 A.D.2d 1087, 641 N.Y.S.2d 940 (1996). In New York, the family court does not have subject matter jurisdiction to modify or enforce a separation agreement that stands as an independent contract between the parties. *Arnold v. Fernandez*, 184 A.D.2d 805, 584 N.Y.S.2d 231 (1992); *Zamjohn v. Zamjohn*, 158 A.D.2d 895, 551 N.Y.S.2d 689 (1990); *see Sparacio v. Sparacio*, 248 A.D.2d 705, 670 N.Y.S.2d 558 (1998) (family court cannot modify or supersede the provisions of a surviving settlement agreement). Neither a plain reading of Section 244, nor its construction by New York courts, lends credence to Wife's argument.

▮▮▮ Further, a statute of a foreign jurisdiction cannot be used to confer jurisdiction on a South Carolina court. "The jurisdiction of a court over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental." *Anderson v. Anderson*, 299 S.C. 110, 115, 382

---

10. New York Family Court Act § 466 grants the family court jurisdiction to modify the maintenance provision of a divorce judgment when future support issues are specifically referred to family court. *Zamjohn v, Zamjohn*, 158 A.D.2d 895, 551 N.Y.S.2d 689 (1990). If the New York Supreme Court retains jurisdiction, however, the family court may not enforce or modify such court's decree. N.Y. Family Law § 466(b) (McKinney 1997). In the instant case, the decree provided "this decree may be enforced or modified only in the Supreme Court."

S.E.2d 897, 900 (1989). "The jurisdiction of a court is determined by the sovereign creating it, and thus the question of the specific court in which an action is to be brought is determined in the first instance by reference to local law." 16 Am.Jur.2d *Conflict of Laws* § 119 (1979).

New York law concurs. " 'The law of the forum determines the jurisdiction of the courts, . . . .' " *Kipp v. International Harvester Co.*, 23 Misc.2d 649, 200 N.Y.S.2d 977, 981 (N.Y.Sup.Ct.1959), *modified*, 11 A.D.2d 896, 202 N.Y.S.2d 959 (1960) (quoting *Mertz v. Mertz*, 271 N.Y. 466, 3 N.E.2d 597, 599 (1936)). A "court of competent jurisdiction" must be "competent" not only under the law of its own sovereign, but also by virtue of subject matter jurisdiction under the law of the forum in which New York law is being applied. *Barry E. v. Ingraham*, 43 N.Y.2d 87, 400 N.Y.S.2d 772, 371 N.E.2d 492 (1977). We agree that "[p]erhaps this is because the forum jurisdiction is deemed, by definition, to have a compelling governmental interest in applying its own procedural principles, in order to assure orderly and uniform practice in its courts." *Able Cycle Engines, Inc. v. Allstate Ins. Co.*, 84 A.D.2d 140, 445 N.Y.S.2d 469, 474 (1981). Also, we cannot fairly expect the local bench and bar "to familiarize itself with the procedural diversities of the various jurisdictions." 16 Am.Jur.2d *Conflict of Laws* § 118 (1979). Although we may utilize the law of another state in deciding a case, we cannot use another state's law to confer subject matter jurisdiction upon a South Carolina court which, under the laws of this State, the court does not have.

Pursuant to the above analysis, we find the decision of the family court void for lack of subject matter jurisdiction.

**VACATED.**

CONNOR and STILWELL, JJ., concur.