**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Tina Robin Patton, Appellant,

v.

Linda Doty, Respondent.

Appellate Case No. 2021-001527

―――――――――――――

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2025-UP-160
Submitted October 1, 2024 – Filed May 7, 2025

―――――――――――――

**AFFIRMED**

―――――――――――――

Chief County Public Defender for Richland County
Elizabeth Fielding Pringle, of Columbia, for Appellant.

Charnell Glenn Peake, of Peake & Fowler Law Firm, PA,
of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Tina Patton appeals the circuit court's order affirming the
magistrate court's finding her in contempt, arguing the contempt finding violated
her due process rights. We affirm.

**FACTS/PROCEDURAL HISTORY**

This case began in 2019, when the magistrate court granted a restraining order against Tina Patton, as sought by Patton's neighbor, Linda Doty. The restraining order stated in bold print: "[V]iolation of this order is a criminal offense punishable by thirty days in jail, a fine of five hundred dollars or both." In 2020, the magistrate court held a rule to show cause hearing on allegations that Patton violated the restraining order by harassing Doty with obscene hand gestures and cursing. The rule to show cause issued to Patton stated "[y]ou are herein ordered to appear before the [magistrate] . . . to show cause, if any you can, why you should not be held in contempt for violation of the order previously issued by this court." Doty was represented by a private attorney at the hearing, and a public defender represented Patton. Patton moved to dismiss the complaint on the ground that a prosecutor was necessary for a criminal contempt action. Patton argued there had been neither an arrest nor criminal charges, and she did not have the opportunity to conduct discovery under Rule 5 of the South Carolina Rules of Criminal Procedure. The magistrate court denied the motion and denied Patton's motion for a jury trial. The magistrate court noted that under *DiMarco v. DiMarco*,[1] the right to a jury trial exists in criminal contempt cases before a criminal sentence of more than six months may be imposed.

The magistrate court conducted a bench trial and heard testimony, from Doty and a witness, that Patton made obscene gestures to Doty and cursed at her. Doty testified she called the police but Patton was not arrested. The magistrate court limited the testimony to the face of the complaint and sustained multiple hearsay objections to Doty's testimony. The magistrate court told Patton's counsel: "I'm [going to rule] as if this was a criminal case and just like you were the public defender and this is the defense." The magistrate court noted Patton had the right not to testify and stated it would not hold that against her. The magistrate court again said it was "looking at this case as if it is a criminal standard." The magistrate court found Patton in criminal contempt for violating the restraining order, extended the restraining order against Patton, and sentenced her to thirty days' imprisonment suspended on a $500 fine. The magistrate court reminded Patton that it is "a criminal action to violate a restraining order" but stated she was not sentenced to a straight thirty days' imprisonment because it was a minimal violation of the restraining order.

Patton appealed to the circuit court, which affirmed the magistrate court's ruling in a Form 4 order. This appeal followed.

---

[1] 393 S.C. 604, 608, 713 S.E.2d 631, 633 (2011).

**ISSUE ON APPEAL**

Did the circuit court err in affirming the magistrate court's finding of criminal contempt?

**STANDARD OF REVIEW**

"A decision on contempt rests within the sound discretion of the trial court." *McCain v. Brightharp*, 399 S.C. 240, 251, 730 S.E.2d 916, 922 (Ct. App. 2012). "It is within the [court's] discretion to punish by fine or imprisonment all contempts of authority before the court." *Miller v. Miller*, 375 S.C. 443, 454–55, 652 S.E.2d 754, 760 (Ct. App. 2007). "In a criminal contempt proceeding, the burden of proof is beyond a reasonable doubt." *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998). "On appeal, this court should reverse the contempt decision only if it is without evidentiary support or the circuit court abused its discretion." *Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 823 (Ct. App. 2009).

**LAW/ANALYSIS**

Patton argues the magistrate court lacked subject matter jurisdiction over this case because it involved constructive criminal contempt without an arrest. She argues this matter does not fall under section 22-3-550 of the South Carolina Code (2025) because it is not a charged criminal "offense" with an attendant arrest, as contemplated under the statute. We disagree.

"Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Majors v. S.C. Sec. Comm'n*, 373 S.C. 153, 159, 644 S.E.2d 710, 713 (2007). "The jurisdiction of a court over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental." *Peterson v. Peterson*, 333 S.C. 538, 547, 510 S.E.2d 426, 431 (Ct. App. 1998) (quoting *Anderson v. Anderson*, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989)). "[T]he General Assembly establishes the jurisdiction of [magistrate] courts in a legislative pronouncement." *Bayly v. State*, 397 S.C. 290, 295, 724 S.E.2d 182, 184 (2012).

Under section 22-3-550(A), "[m]agistrates have jurisdiction of *all* offenses which may be subject to the penalties of a fine or forfeiture not exceeding five hundred dollars, or imprisonment not exceeding thirty days, or both." (emphasis added). Section 22-3-950 of the South Carolina Code (2025) gives magistrate courts the

power to punish for direct contempt only, which is misconduct that occurs "in the presence of the court."  The restraining order in this case was issued by the magistrate court, and section 16-3-1770(C)(1) of the South Carolina Code (2015), states that restraining orders issued by a magistrate court "conspicuously must bear the following language: 'Violation of this order is a criminal offense punishable by thirty days in jail, a fine of five hundred dollars, or both.'"  While Patton was not arrested, section 16-3-1800 of the South Carolina Code (2015) states "[l]aw enforcement officers shall arrest a defendant who is acting in violation of a restraining order."

All courts have the power to demand "submission to their lawful mandates." *Miller*, 375 S.C. at 453, 652 S.E.2d at 759 (quoting *In re Terry*, 128 U.S. 289 (1888)).  "[I]ndirect contempt may never be punished summarily, but rather requires adherence to more normal adversary procedures." *United States v. Neal*, 101 F.3d 993, 997 (4th Cir. 1996) (internal quotation marks and citations omitted).

We find this matter was properly before the magistrate court pursuant to section 22-3-550, which confers authority on the magistrate court to punish for offenses subject to a fine of $500 and/or thirty days' imprisonment, as in this case.  The magistrate court previously issued a restraining order, and Patton was summoned back into magistrate court on a rule to show cause why she should not be held in contempt for violating the ongoing restraining order.  A restraining order issued by a magistrate court "remains in effect for a fixed period of time of not less than one year, as determined by the court on a case-by-case basis."  S.C. Code Ann. § 16-3-1750(E) (2015).  Section 22-3-550 conferred jurisdiction on the magistrate court over the contempt action because it was an offense subject to a fine of $500 or imprisonment not exceeding thirty days, or both.  The magistrate court had the authority to conduct the rule to show cause for a violation of its duly issued restraining order and to "demand submission to its lawful mandate."

Patton argues she was denied due process by the failure of the magistrate court to appoint an independent prosecutor because Doty's attorney could not ethically provide pretrial discovery to Patton.  Patton argues the incident reports included in the record are exculpatory and could have changed the outcome of the trial.  However, the incident reports are from 2014 and 2017 and are not relevant to the case at hand.  Regardless, we find the magistrate court sufficiently protected Patton's constitutional rights in the bench trial and adhered to normal adversary procedures such that she was not prejudiced.  The magistrate court treated the proceeding as a criminal trial and kept the testimony to the face of the complaint.  The magistrate court was correct that a jury trial was not mandated in this criminal

contempt case because the potential sentence was not more than six months. *See Curlee v. Howle*, 277 S.C. 377, 385, 287 S.E.2d 915, 919 (1982) (holding "appellant in a criminal contempt case had a constitutional right to a jury trial before a sentence of more than six months could be imposed"); *State v. Passmore*, 363 S.C. 568, 572, 611 S.E.2d 273, 275 (Ct. App. 2005) (noting a contemnor was entitled to jury trial when facing a sentence of more than six months in prison).

Based on the foregoing, the circuit court's order is **AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.