19244

Henrietta M. TOWLES, Appellant, v. John O. TOWLES, Respondent

(182 S. E. (2d) 53)

*Joseph P. Riley, Esq., Riley* and *Barr,* of Charleston, *for Appellant,*

*D. A. Brockinton, Esq., Brockinton & Brockinton,* of Charleston, *for Respondent,*

*Joseph P. Riley, Jr., Esq., Riley* and *Barr,* of Charleston, *for Appellant, in Reply,*

June 17, 1971.

LEWIS, Justice.

This action by the wife against her husband for support was dismissed by the lower court on the ground that it was barred by the terms of a previous reconciliation agreement between the parties whereby the wife agreed to never prosecute thereafter any action against the husband. The validity of the agreement of the wife not to sue is at issue in this appeal.

The parties were married on April 29, 1967. During the marriage, there have been previous disagreements and litigation between them. The last prior action between the parties was for divorce, instituted in July 1968 by the husband against the wife upon the grounds of alleged physical cruelty and adultery. The wife denied the charges and filed a cross action against the husband for divorce on the ground of physical cruelty. That action resulted in a reconciliation between the parties upon the basis of a written agreement signed by them on November 13, 1968, which contained, among others, a provision that the wife would not thereafter bring any action against the husband.

Subsequently, this action was instituted by the wife against the husband, on November 13, 1969, in The Family Court of Charleston, in which she alleged that the husband had, without any justification, refused to support her since June 4, 1969. Upon the basis of the verified complaint, the judge of The Family Court issued an *ex parte* order allowing the wife temporary support and counsel fees.

An answer was thereafter filed by the husband in which he plead the foregoing agreement as a complete bar to the present action. The entire agreement was made a part of the answer and a copy attached to the pleading. The husband also noted a motion to vacate or modify the order for temporary support and counsel fees. The motion stated that it was based upon the pleadings and such affidavits as might thereafter be submitted. Subsequently, the motion was heard upon the pleadings in this action, the prior agreement, and the proceedings in the prior divorce action, resulting in the issuance of an order dismissing the entire action upon the ground that it was barred by the foregoing agreement. This appeal is from that order.

The agreement in question recites in its preamble that there was pending a divorce action between the parties, in which the issues had been joined and an order issued providing for support for the wife; and that the parties had agreed to resume their marital relationship upon the dismissal of that action and the execution of the agreement. The agreement then provided in paragraph I as follows:

"The parties agree to resume their martial relationship, and the second party (the wife) agrees and promises that she will never again bring any suit at law or in equity against the first party (the husband) for any reason whatsoever, and it is further agreed and promised by the second party (wife) that she will not pursue any action against first party (husband), including the above pending action, and that she agrees and promises that she will try and endeavor in every way possible to be a good wife for her husband, * * *."

Following the quoted provision, the parties agreed that a house and lot previously purchased and paid for by the husband, title to which was, for convenience, taken in the name of the wife, would be sold and the proceeds used to purchase or build another house which would be owned by the parties as joint tenants with the right of survivorship,

neither to convey or devise their interest therein without the consent of the other. Finally, it was agreed that the then pending divorce action would be dismissed and that the husband would pay the costs of that action including the fee for the wife's attorney.

After the excution of the foregoing agreement, a consent order of dismissal was issued by the court, reciting as its basis only "that the parties in this matter have reached a reconciliation and wish the case to be dismissed." There is no showing that the written agreement was considered or approved by the court in issuing the order of dismissal of the previous divorce action.

The question to be decided involves the validity of the agreement whereby the wife promises to never again institute any action against the husband. The contention of the husband,sustained by the lower court, is that the agreement was one to restore the marital relationship and that such inducement constituted sufficient consideration for the promise by the wife to refrain from bringing any further actions against him. The position of the wife is that the agreement not to sue is tantamount to a release of the husband of his duty to perform his essential marital obligations and is, therefore, void as against public policy.

The marriage contract is one in which the State has a vital interest. Once entered into, the law imposes upon the parties certain mutual obligations and liabilities which have long been considered essential incidents to the marital relationship. These incidents to marriage are deemed so important to its preservation and stability until any agreement which has the effect of materially varying or altering them, as a condition of the relationship, is ordinarily considered against public policy and, therefore, void.

Among the essential incidents to marriage is the duty of the husband to support his wife. 41 Am. Jur. (2d), Husband and Wife, Sections 329 and 330; *State v. Bagwell,* 125 S. C. 401, 118 S. E. 767. An

agreement whereby the husband is relieved of this obligation to support his wife, as a condition of the marital relationship, is against public policy and void.

While the agreement of the wife to never bring an action against the husband does not specifically say that the husband is relieved of the duty to perform his marital obligations, it has that effect. For, if the agreement is valid, it deprives the wife of every means to force the husband to do so, and leaves the performance of his obligations solely dependent upon his whim or fancy. The agreement has the effect of relieving the husband of his marital obligations, as a condition of his resumption of the marital relationship, including the duty to support his wife.

We therefore hold that the agreement by the wife that she would never bring an action against her husband again, as a condition of the resumption of the marriage relationship, is against public policy and therefore void. The right of the wife to support from her husband must be determined without regard to the agreement not to sue.

Our decision herein is not inconsistent with the established public policy to encourage and promote reconciliation between estranged spouses. That policy contemplates preservation of the marriage under conditions which recognize the mutual obligations and liabilities of the parties. The present resumption of the material relationship was not on that basis.

Questions concerning the possible effect of our decision upon the status and rights of the parties with reference to the issues involved in the prior divorce proceeding and other matters are not before us, and no opinion is indicated thereabout.

The judgment of the lower court is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.