22242

Laura Litt SATTLER, Appellant, v. Jon I. SATTLER, Respondent.
(327 S. E. (2d) 71)

Supreme Court

*Kermit S. King* and *Joseph M. McCulloch, Jr.,* of *King, Vernon & Gambrell, P.A.,* Columbia, *for appellant.*

*Harvey L. Golden, Law Offices of Harvey L. Golden, P.A.,* Columbia, *for respondent.*

Heard Jan. 21, 1985.

Decided Feb. 21, 1985.

GREGORY, Justice:

This is a domestic relations case. Appellant Laura Litt Sattler appeals from an order of the Family Court denying her alimony on the grounds of adultery. We reverse and remand.

After separating, the parties entered into a "Complete Support, Custody and Property Settlement Agreement" on February 3, 1981. Under the terms of the agreement, the parties received joint custody of their two minor children, and appellant received Two Thousand Two Hundred ($2,200.00) Dollars per month in unallocated support.

The agreement provided that it could not be altered except by written agreement between the parties. It was to be approved by the court for enforcement purposes only.

On February 21, 1981, a separation order was issued. The agreement was approved by the court, but was not merged into the order.

On February 11, 1982, appellant petitioned for divorce based on one year's continuous separation. Respondent answered concurring in the prayer for divorce; however, he counterclaimed alleging adultery by respondent subsequent to the 1981 agreement, and requested that the court preserve his right to prove his adultery claim.

The Family Court issued the decree of divorce on February 17, 1982, on the basis of one year's separation, but preserved all other issues.

In May, a hearing on the adultery claim was held. Appellant was found guilty of adultery. Custody of the two minor children was awarded to respondent and child support was terminated. Furthermore, appellant was denied support under the earlier agreement because of the statutory bar of alimony regarding an adulterous spouse under S. C. Code Ann. § 20-3-30 (1976). This appeal followed.

Appellant's primary contention is that the February 1981 agreement was contractual in nature, and, therefore, the Family Court erred in denying her support based on Section 20-3-130 (1976). We agree.

In *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974), this Court held that the terms of a property settlement would override S. C. Code Ann. § 20-3-150 (1976), which provides the termination of a wife's support upon remarriage.

Based on the rationale of *Darden*, we hold that the terms of the agreement below control, rather than the terms of Section 20-3-130. The agreement clearly states that it would not be merged with the order, and would be modified only upon written agreement of the parties.[1]

The agreement clearly contemplated joint custody of the minor children, and provided for a decrease in the unallocated support upon the youngest child reaching eighteen. Mindful of these provisions, we remand to determine the modification of support as contemplated by the agreement since respondent now has custody of the children.[2]

Appellant's remaining exceptions are affirmed pursuant to Supreme Court Rule 23.

Reversed and remanded.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.

---

[1] Since the order below was entered, this Court had decided the case of *Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983), which settled the issue presented in this case. The *Moseley* opinion was applied prospectively; however, we note that *Moseley* would mandate the same result.

[2] The portion of the order awarding custody has not been appealed.