22578

Martha Little AIKEN, Respondent v. Lynn Chastain AIKEN, Appellant.
(345 S. E. (2d) 710)

Supreme Court

*William J. Barnes*, Greenville, *for appellant.*

*Everett Hope Garner* of *Holler, Dennis & Olive*, Columbia, *for respondent.*

Heard May 20, 1986.

Decided June 16, 1986.

CHANDLER, Justice:

Martha Little Aiken (Wife) and Lynn Chastan Aiken (Husband) were divorced in Georgia in March, 1982. A de-tailed settlement agreement was executed by the parties and incorporated into a Georgia order dated June 24, 1982.

After the divorce, Husband moved to Pickens County, South Carolina. He failed to make alimony and child support payments and Wife brought this action, requesting that he

be held in contempt. Husband counterclaimed for custody of the parties' elder child.

Although it was not requested by either party, the Family Court modified the terms of the Georgia order with respect to Husband's times of visitation with the parties' younger son. Husband contends this was error. We agree.

While visitation orders are subject to continuing review [*See King v. Gardner*, 274 S. C. 493, 265 S. E. (2d) 260 (1980) ], a party may not receive relief not contemplated in the pleadings. *See Gainey v. Gainey*, 279 S. C. 68, 301 S. E. (2d) 763 (1983).

Accordingly, that portion of the Family Court's order reducing the frequency of Husband's visitation schedule is reversed. The schedule provided for by the June 24, 1982, Georgia order is reinstated.

Husband's remaining exceptions are without merit, and we affirm pursuant to Supreme Court Rule 23. *See Haselwood v. Sullivan*, 283 S. C. 29, 320 S. E. (2d) 499 (Ct. App. 1984) (contempt); *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984) (child support); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977) (attorney's fees).

Affirmed in part; reversed in part.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.