22780

Virginia E. COBLE, Respondent v. Robert F. COBLE, Jr., Petitioner.
(361 S. E. (2d) 339)

Supreme Court

James B. *King,* Anderson, *for petitioner.*

Thomas W. *Dunaway, III,* Anderson, *for respondent.*

Heard Aug. 19, 1987.

Decided Sept. 8, 1987.

*Per Curiam:*

Husband (petitioner) petitions this Court to review the decision of the Court of Appeals in *Coble v. Coble,* 292 S. C. 233, 355 S. E. (2d) 863 (Ct. App. 1987). We grant certiorari, dispense with further briefing, and vacate both the Court of Appeals' opinion and the family court order because the family court lacked subject matter jurisdiction over the separation agreement at issue.

In 1980 the parties signed a separation agreement. This agreement was neither incorporated nor merged in the divorce decree filed in 1981.[1] In 1985 Wife (respondent) brought this action to enforce the agreement. Husband opposed the relief. Neither party asked the family court to adopt the agreement as its order. The family court found the agreement fair and equitable and "approved" it. Husband was ordered to comply with the agreement.

It is axiomatic that a family court cannot award relief beyond the scope of the pleadings. *Aiken v. Aiken,* 288 S. C. 370, 345 S. E. (2d) 710 (1986); *Dake v. Painter,* 288 S. C. 118, 341 S. E. (2d) 620 (1986). A request to enforce an agreement not incorporated or merged in a prior order is not a request to adopt the agreement. *See Fielden v. Fielden,* 274 S. C. 219, 262 S. E. (2d) 43 (1980). The family court lacks subject matter jurisdiction to enforce an agreement unless the agreement has been adopted in a court order. *Zwerling v. Zwerling,* 273 S. C. 292, 255 S. E. (2d) 850 (1979).

---

[1] Therefore this case is not controlled by *Moseley v. Mosier,* 279 S. C. 348, 306 S. E. (2d) 624 (1983). *See Sattler v. Sattler,* 284 S. C. 422, 327 S. E. (2d) 71 (1985).

Since the agreement was not a part of a court order, ▮ and since neither party asked the court to adopt it, the family court lacked subject matter jurisdiction to enforce the agreement's terms. Accordingly, the Court of Appeals' opinion and the family court order are

Vacated.