1498

Mary Lou CRAWFORD, Appellant-Respondent v. Eugene CRAWFORD, Respondent-Appellant.

(392 S.E. (2d) 675)

Court of Appeals

*Richard H. Rhodes,* Spartanburg, *for appellant-respondent.*

*James R. Thompson,* Gaffney, *for respondent-appellant.*

Heard March 20, 1990.

Decided May 7, 1990.

CURETON, Judge:

The primary issue involved in this domestic action is the effect of prior property settlement and reconciliation agreements on the wife's right to alimony and equitable division in the present action. The trial court divided the property the parties acquired after their reconciliation and awarded the wife rehabilitative alimony. Both parties appeal. We affirm in part, reverse in part, and remand.

The parties were married in 1977. They have no children by this marriage. The wife is age 43, has a business degree, and is in poor health. The husband has no indicated health problems. His formal education ended with the seventh grade but he completed high school in adult classes. The court found the husband to be a good businessman.

The parties separated in 1983. In July, 1984, the family court adopted and approved their final property settlement

agreement which settled all marital issues except the divorce.

According to the Statement of the Case, the parties reconciled in October, 1984, and entered into a reconciliation agreement at that time. That agreement was not submitted to the family court for approval. In December, 1987, they again separated and the wife commenced this action for alimony, equitable division of marital property, and attorney fees. The husband contends the 1984 property settlement and reconciliation agreements bar the wife from receiving alimony or an equitable division of marital assets.

The family court held the court approved property settlement and the reconciliation agreement prevented an equitable division of all property owned by the parties prior to July 1984. The court divided the assets acquired by the parties subsequent to July 1984. Additionally, the court awarded rehabilitative alimony to the wife of $350.00 a month for three years and attorney fees of $2,000. The court denied the wife's request for litigation expenses

The wife appeals the decision of the trial court to exclude from the marital estate the property divided under the previous property settlement and reconciliation agreements. She also appeals the adequacy of the alimony and equitable division awards and the failure of the court to award her litigation costs. On the other hand, the husband argues the court should not have awarded the wife any property because the property settlement and reconciliation agreements prohibited such an award. He also contests the attorney fee award to the wife.

## THE 1984 AGREEMENTS AND ORDER

The 1984 property settlement agreement is not a part of the record. However, the order of the family court approving the agreement is in the record. It provides, *inter alia,* (1) the agreement was a final settlement of all property and support obligations; (2) the wife was to receive $81,200 "as her interest in the marital assets and as equivalent of support"; (3) the wife was to receive certain furniture, fixtures, and other personal property that was not valued; (4) neither party would "receive alimony now or in the future"; and (5) the agreement was to be incorporated into the final divorce decree.

The reconciliation agreement contains the following relevant terms: (1) each party had complied with and fully executed the previous settlement agreement and waived any breach thereof; (2) all property awarded under the previous agreement was to remain the separate property of each party; (3) the wife need not use her "income or property" for her support, except for her "medical expenses, including but not limited to, hospitals, doctors, and prescription medicines and groceries"; (4) all post-reconciliation earnings, income, and profits "shall be the separate property of the person so earning"; (5) the agreement was a full and complete settlement of all legal and equitable property rights between the parties; and (6) "neither party shall have any interest of any kind or nature whatsoever in or to any property of the other party to the agreement, whether now owned by such party or hereafter acquired . . . ."

The parties lived together after the reconciliation for approximately three years. They disagree as to whether they adhered to the terms of the reconciliation agreement. The evidence demonstrates there were some deviations from the terms of the agreement.

The parties agree the following properties were acquired and/or improved by them after their reconciliation: (1) the marital home; (2) the Broom property; (3) the Pitt Stop property; and (4) a passenger bus. The marital home was received by the husband in the prior settlement. The equity was valued at $16,888 at the time of the reconciliation. The Broom property was jointly purchased by the parties after the reconciliation and had an equity of approximately $10,500. The Pitt Stop, a quick oil change business started by the husband, had an equity of $19,994.00. Finally, a bus was purchased by the parties for $10,500. A renovation loan of $15,800 was secured and the bus was sold for $22,000. This money is in a bank account.

The trial court concluded the reconciliation agreement "coupled with the testimony of the parties, requires [the previous] property settlement agreement continue in full force and effect" as to the property issues. The court concluded, however, the agreements were not controlling as to property acquired after the reconciliation nor did they affect the wife's right to alimony and attorney fees.

The court divided the property acquired by the parties after their reconciliation as follows:

1. The marital home was ordered sold. The wife would have possession of the home with the husband making mortgage payments until the home was sold. The husband would receive an amount equal to the principal payments made by him on the mortgage since December 1987. After the house was sold the husband would receive $16,888 and the remaining proceeds would be divided 60 percent to the husband and 40 percent to the wife.

2. The Broom property was ordered sold and the net proceeds evenly divided between the parties.

3. The equity in the Pitt Stop property was valued at $20,000. The husband was required to pay the wife 35 percent of the equity value within sixty days.

4. The bus proceeds were to be equally divided after the renovation loan was paid.

## THE HUSBAND'S APPEAL

The husband's basic argument is the 1984 property settlement and reconciliation agreements prevent the awards made by the court in this action for property division and alimony. The husband argues the property settlement agreement, standing alone, is a fully integrated agreement that is not subject to modification by the court. *Sattler v. Sattler*, 284 S.C. 422, 327 S.E. (2d) 71 (1985); *Darden v. Witham*, 258 S.C. 380, 188 S.E. (2d) 776 (1972). The property settlement agreement is not in the record. Thus, we cannot determine whether the agreement is modifiable under *Moseley v. Mosier*, 279 S.C. 348, 306 S.E. (2d) 624 (1983). Regardless of the question of modification, the question remains whether the public policy of this state precludes the enforcement of the terms of the property settlement agreement after the parties have reconciled pursuant to a reconciliation agreement which expressly sanctioned the prior property settlement agreement.

The general law in South Carolina, at least as to matters of support, is that a separation agreement is annulled by the subsequent reconciliation of the parties. *Machado v. Machado*, 220 S.C. 90, 66 S.E. (2d) 629 (1951). The preceding

case is distinguishable from the instant case in that it did not involve court approved agreements or reconciliation agreements. The case of *Towles v. Towles*, 256 S.C. 307, 182 S.E. (2d) 53 (1971), more nearly mirrors the case before us. The parties were involved in divorce litigation but entered into a written reconciliation agreement prior to final resolution of the case. The agreement provided the wife would not subsequently bring any action against the husband. The reconciliation failed and the wife brought a support action. The trial court dismissed based upon the "any action" provision of the agreement. The Supreme Court reversed stating as follows:

> [A]ny agreement which has the effect of materially varying or altering [the marital obligations and liabilities imposed by law], as a condition of the relationship, is ordinarily considered against public policy and therefore, void. Among the essential incidents to marriage is the duty of the husband to support his wife . . . An agreement whereby the husband is relieved of this obligation to support his wife, as a condition of the marital relationship, is against public policy and void . . . The agreement has the effect of relieving the husband of his marital obligations, as a condition of his resumption of the marital relationship, including the duty to support his wife . . . The right of the wife to support from her husband must be determined without regard to the agreement not to sue.

*Id.* at 311, 182 S.E. (2d) at 54.

Under the general law, the features of a separation agreement "which are inherently executory, such as a provision for future support . . ., are necessarily abrogated by a reconciliation and resumption of cohabitation." 24 Am. Jur. (2d) *Divorce and Separation* Section 854 at 836 (1983). If a support and property settlement agreement is executory as to support and a continuance of the separation, while it is executed as to property rights, the reconciliation and resumption of cohabitation may terminate the executory support provisions while having no effect on the executed property provisions. 24 Am. Jur. (2d) *Divorce and Separation* Section 854 (1983).

In their reconciliation agreement the parties agreed they had complied with the provisions of the property settlement

agreement. We, therefore, hold the property settlement agreement and reconciliation agreement preclude reapportionment of the property covered by them except to the extent such property has increased in value due to the joint efforts of the parties. *See S.C. Code Ann.* Section 20-7-473(5) (Cum. Supp. 1989).

We also hold the public policy of this state recognizes the reconciliation of the parties nullified the provisions of the separation and reconciliation agreements regarding the parties' agreements not to be liable for the support of each other. The husband's argument that the trial court should not have awarded alimony to the wife is without merit.

The husband argues the reconciliation agreement precludes a division of the marital home, the Pitt Stop business, and the proceeds from the sale of the bus because these properties were his separate properties and the reconciliation agreement excluded this property from the marital estate. The reconciliation agreement provided that "neither party shall have any interest of any kind or nature whatsoever in or to any property of the other party to this agreement, whether now owned by such party or hereafter acquired. . . ." We interpret this provision to simply incorporate the terms of Section 20-7-473(5) which provides for the division of the increase in the value of separate property where such increase is attributable to the efforts of the non-titled party. The section also does not preclude the transmutation of separately titled property. The properties mentioned were either jointly acquired, transmuted, or increased in value due to the joint efforts of the parties. We discern no abuse of discretion in dividing them.

The husband next argues the court awarded the wife too great an interest in the above mentioned properties. Specifically, as relates to the marital home, the husband argues the trial court should have allowed him credit for the mortgage interest he paid. We find no error in the court's ruling. The interest payments did not increase the equity in the home. Moreover, we presume that since the marital home was in the husband's name, he took advantage of the interest deduction on his tax return. As to the percentage interest awarded the wife, while the court was

obviously generous to her, we cannot say it abused its . discretion.

As relates to the Pitt Stop property, the husband ■ borrowed $66,000 to purchase it. At the time of valuation, $55,006 was owed on the mortgage. The trial judge concluded the property's current value to be $75,000 and after deducting the amount of the mortgage awarded the wife 35 per cent of the equity or $7,000. The husband is correct the wife made no direct financial contribution to the business, however, the wife claims the business was the result of their joint efforts. She did work in the business and performed bookkeeper services. We find no abuse of discretion in awarding her an interest in it.

The husband next argues that the trial court erred in ■ awarding the wife a 50 percent interest in the proceeds of the sale of the bus. The husband claims he purchased the bus for $10,500 in 1986 from his own funds and contributed an additional $15,800 toward renovation of it from the proceeds of a mortgage on his individual property. The bus was sold for $22,000. While the wife does not dispute the purchase price came from the husband's bank account, she claims the account contained marital funds. Additionally, she claims the entire $15,800 mortgage proceeds were not used to renovate the bus. She testified she worked on the renovations. Considering the credibility determinations to be made by the trial court regarding the source and use of the funds involved in the purchase and renovation of the bus, we cannot say he erred in awarding the wife a 50 percent interest in the proceeds.

The husband's last argument is the court should not have awarded attorney fees to the wife. This argument is embraced in a sentence on the last page of his brief and is not supported by facts or authority. We view it as effectively abandoned. *Williams v. Leventis*, 290 S.C. 386, 350 S.E. (2d) 520 (Ct. App. 1986). Even if we were to consider the husband's argument, we would find no abuse of discretion by the court.

## THE WIFE'S APPEAL

The wife's argument relative to the validity of the property settlement agreement and the reconciliation agreement are

adequately disposed of in our discussion of the husband's appeal. We, therefore, will engage in no further discussion of these issues.

The trial court in conclusory fashion ordered rehabilitative alimony in the amount of $350.00 per month for three years. The order is devoid of any reason for the award. Rehabilitative alimony may be awarded only when justified by special circumstances. *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied*, 298 S.C. 117, 378 S.E. (2d) 445 (1989). Rehabilitative alimony has been sanctioned where it encourages the dependent spouse to become self-supporting. *Toler v. Toler*, 292 S.C. 374, 356 S.E. (2d) 429 (Ct. App. 1987). When rehabilitative alimony is awarded, the evidence should demonstrate the dependent spouse is reasonably self-sufficient at the termination of the alimony payments. In this case the evidence does not show self-sufficiency at the end of three years. We reverse and remand this issue for reconsideration based on the factors set forth in *Toler*.

The wife also argues the equitable distribution award to her is inadequate. This argument is clearly without merit. If anything the award to her was on the generous side. Likewise, the wife's argument that the trial court should have ordered the husband to pay her appraisal and accounting fees is without merit. The trial court in ruling on a Rule 59(e) motion denied the wife's request for reimbursement of the appraisal fee because "each party employed independent appraisers and the Court did not use either one exclusively." There is no indication in the record the wife ever requested or the court ever ruled on a request for reimbursement of accounting fees. The record is therefore insufficient for review of this point. Moreover, the award of expert fees and suit money is discretionary with the court and we discern no abuse of discretion. *Noll v. Noll*, 297 S.C. 190, 375 S.E. (2d) 338 (Ct. App. 1988); *Brunner v. Brunner*, 296 S.C. 60, 370 S.E. (2d) 614 (Ct. App. 1988).

Affirmed in part, reversed in part, and remanded.

GARDNER and BELL, JJ., concur.