521 S.E.2d 519

**O'Neal B. BOURNE, Appellant,**

v.

**Leo Francis BOURNE, Jr., Respondent.**

**No. 3033.**

Court of Appeals of South Carolina.

Submitted June 8, 1999.

Decided Aug. 16, 1999.

Rehearing Denied Nov. 6, 1999.

William Isaac Diggs, of Myrtle Beach, for appellant.

Ronald R. Norton, of Conway, for respondent.

HUFF, Judge:

The Family Court granted Leo Bourne a divorce from his wife O'Neal. She appeals, arguing the court erred in refusing to modify the parties' settlement agreement as to equitable division, and in awarding partial attorney's fees to Mr. Bourne. We affirm.

## FACTUAL/PROCEDURAL HISTORY

Leo Francis Bourne (Husband) and O'Neal B. Bourne (Wife) were married on November 24, 1979, and separated on July 11, 1993. Wife subsequently filed for divorce and sought child custody and support, alimony and equitable distribution of the marital property. On July 11, 1994, the parties entered into a Settlement Agreement purporting to resolve all issues between them. The agreement also contained the following provision, entitled "Effect of Reunion Upon Agreement":

In the event that the parties decide to reunite and continue to live together as husband and wife, this agreement shall

continue in full force and effect unless and until each party executes a written termination hereof. It is contemplated that during the period of separation the parties may have an opportunity to resolve their difficulties; however, no actions taken by either party towards a reconciliation shall affect or impair their respective rights, privileges and remedies herein agreed.

This agreement was approved by the Family Court and incorporated into its "Final Order Approving Settlement Agreement" dated February 14, 1994. Around November or December 1994, the parties reconciled and lived together until their final separation on May 15, 1996. They did not enter into any written termination of the separation agreement.

On May 5, 1997, Wife filed a complaint seeking to modify the February 14, 1994 order, including the equitable division of marital property. Specifically, Wife sought equitable distribution of Husband's military retirement benefits. Husband answered and counterclaimed, seeking a divorce on the ground of one year continuous separation. With respect to equitable distribution, Husband pled the parties had already divided the marital property in accordance with the 1994 order, and the prior order of the court was res judicata. The Family Court held a hearing on August 25, 1997. At the call of the case, the parties announced they had reached an agreement on all issues except equitable distribution. On October 1, 1997, the court issued a final order granting Husband a divorce and finding the parties were precluded from litigating any issues as to equitable division of marital property. The court found the Husband "was already receiving his retirement and was not required to do anything under the [prior order] regarding this retirement" and, therefore, the provision regarding Husband's military retirement was fully executed. The court also ordered Wife to reimburse Husband partial attorney's fees in the amount of $2,500. Wife subsequently filed a motion for new trial, which the court denied. Wife now appeals, arguing the court erred in failing to find the prior order of the court was nullified upon reconciliation of the parties. She also contends the court erred in awarding partial attorney's fees to Husband. Because we find the property division of the settlement agreement was not abrogated by the parties' subsequent reconciliation, we affirm.

## LAW/ANALYSIS

■   Wife asserts the Family Court erred in barring reconsideration of the equitable distribution of marital property. She contends the public policy of this state requires that the prior order was nullified by their reconciliation, and she should therefore be allowed to share in Husband's retirement benefits. We disagree.

In *Crawford v. Crawford*, 301 S.C. 476, 392 S.E.2d 675 (Ct.App.1990), this Court addressed the issue of the effect of prior property and reconciliation agreements on the wife's right to alimony and equitable division. There, the parties separated, entered into a property settlement agreement settling all issues except divorce, later reconciled and entered into a reconciliation agreement, and subsequently separated. The Family Court held the prior agreements prevented equitable distribution of that property owned by the parties prior to July 1984, the time at which the court adopted and approved the parties' settlement agreement. The Family Court divided the assets acquired subsequent to July 1984 and awarded the wife rehabilitative alimony, despite a provision in the settlement agreement waiving alimony. The wife appealed the Family Court's decision to exclude all property divided under the prior agreements from the marital estate. The husband also appealed, arguing the property settlement and reconciliation agreements prevented the Family Court's award for property division and alimony.

In *Crawford*, we considered the effect of the marital agreements as they related to both property and support. As to property, this Court stated:

> Under the general law, the features of a separation agreement "which are inherently executory, such as a provision for future support ..., are necessarily abrogated by a reconciliation and resumption of cohabitation." 24 Am. Jur.2d *Divorce and Separation* Section 854 at 836 (1983). If a support and property settlement agreement is executory as to support and a continuance of the separation, while it is executed as to property rights, the reconciliation and resumption of cohabitation may terminate the executory support provisions while having no effect on the executed

property provisions. 24 Am.Jur.2d *Divorce and Separation* Section 854 (1983).

*Id.* at 481, 392 S.E.2d at 678. Because the reconciliation agreement indicated the parties had complied with the property settlement provisions (i.e. the provisions as to property were executed, not executory) we held the agreements precluded reapportionment of the property, except to the extent such property had increased in value due to the joint efforts of the parties. *Id.* at 481–482, 392 S.E.2d at 678–679.

On the issue of support, however, we noted the general law in South Carolina is that, at least as to matters of support, a separation agreement is annulled by the subsequent reconciliation of the parties. *Id.* at 480, 392 S.E.2d at 678. We further noted, pursuant to the Supreme Court case of *Towles v. Towles,* 256 S.C. 307, 182 S.E.2d 53 (1971), that an agreement entered into which relieved the husband of his obligation to support his wife, as a condition of the marital relationship, was void as against public policy. *Id.* at 481, 392 S.E.2d at 678. We thus determined "the public policy of this state recognizes the reconciliation of the parties nullified the provisions of the separation and reconciliation agreements regarding the parties' agreements not to be liable for the support of each other." *Id.* at 482, 392 S.E.2d at 679.

Accordingly, as the law now stands in South Carolina, those provisions of a separation or reconciliation agreement regarding the parties' agreement not to be liable for support are nullified by reconciliation of the parties. Further, any executed property provisions remain unaffected by the reconciliation, except to the extent the property in question increases in value as a result of the parties' joint efforts.

Because we did not extend the public policy determination to the property issue, but relied on it solely as to the support issue, we find *Crawford* implicitly held that public policy does not preclude enforcement of the property settlement agreement provisions that were executed at the time of reconciliation. *See Brazina v. Brazina,* 233 N.J.Super. 145, 558 A.2d 69, 72 (Ch.Div.1989) ("[I]t is recognized that the parties, as well as third parties, should have the right to rely upon the validity of executed portions of the property settlement agreement. To hold otherwise could create havoc not only for the

parties themselves but for third parties as well who would be reluctant to contract with a separated but undivorced person for fear that a reconciliation may have occurred which could have created in the other spouse a legal interest in an asset even though that spouse relinquished all rights in that asset in an earlier property settlement agreement.").

The question persists, however, as to the effect of a reconciliation on matters that remain executory at the time cohabitation resumes, and whether the property in question, the military retirement benefits, remained executory. While at least one other jurisdiction has found that future military retirement benefits are, by definition, executory, the family court judge found here that the military retirement benefits were executed. *Cox v. Cox*, 659 So.2d 1051, 1054–1055 (Fla. 1995). Wife argues most of the provisions with respect to marital property had not been executed and were therefore executory. Nowhere in her argument, however, does she address the judge's ruling that the military retirement benefits were fully executed. Having failed to challenge this ruling, right or wrong, it is the law of the case. *See Lindsay v. Lindsay*, 328 S.C. 329, 491 S.E.2d 583 (Ct.App.1997), *cert. denied* (June 18, 1998) (unchallenged ruling, right or wrong, is the law of the case and requires affirmance). Therefore, inasmuch as the military retirement benefits were executed, and not executory, the division of this marital property remains unaffected by the reconciliation of the parties.[1]

■ Wife also contends the Family Court erred in awarding Husband attorney's fees. She argues the award was inappropriate inasmuch as she was required to call three witnesses to prove the reconciliation had occurred, thereby causing unnecessary litigation. We disagree.

The record shows the total fees the husband incurred in defending this action were close to $4,000. The Family Court awarded Husband $2,500. While the husband denied that the

---

1. We note this case has the additional factor that the separation agreement contains a provision that the agreement would remain in full force and effect despite any reconciliation between the parties. Because, under *Crawford*, we find the executed property division unaffected by the reconciliation of the parties, we need not address the effect of such a provision on a property division which is executory.

parties had reconciled in his Answer, he qualified this denial by stating there was an attempted reconciliation which had failed. Thus, Wife's need to present the three witnesses on the issue is questionable. Further, a review of the record reveals the issue of reconciliation was minor in comparison with the issue of equitable distribution and whether the prior separation agreement was nullified. Accordingly, we find no abuse of discretion.

For the foregoing reasons, the order below is

**AFFIRMED.**

HOWELL, C.J., and HOWARD, J., concur.