570 S.E.2d 195

**Buddy Darnell TIPTON, Appellant,**

v.

**Teresa Ann TIPTON, Respondent.**

No. 3528.

Court of Appeals of South Carolina.

Submitted June 6, 2002.
Decided June 27, 2002.

James M. Robinson, of Robinson Law Firm, of Easley, for appellant.

Herman E. Cox, of Greenville, for respondent.

HEARN, C.J.:

Buddy Darnell Tipton (Husband) commenced this action against Teresa Ann Tipton (Wife), seeking a divorce and equitable distribution of marital property. The family court found no valid common law marriage existed; ordered Husband to comply with the provisions of a prior divorce decree requiring him to convey to Wife his interest in the marital home; and granted Wife certain affirmative relief. We affirm in part and vacate in part.

## FACTS

The parties were divorced on March 15, 1994. In the divorce decree, the family court ordered Husband to convey his interest in the parties' home to Wife. This was never done by Husband.

Approximately two months after the divorce, the parties resumed cohabitation. They lived together until June 29, 1998, at which time Husband moved from the home. After Husband left the home, Wife placed his personal possessions in storage.

Husband commenced this action in July 1998. Wife answered, denying the existence of a common law marriage between the parties, and seeking judicial enforcement of the family court's prior order requiring Husband to convey to her his interest in the formal marital residence.

After a hearing, the family court issued an order finding (1) the parties were not married at common law and, therefore, Husband was not entitled to a divorce or equitable division; (2) Husband failed to convey his interest in the marital home to Wife pursuant to the 1994 divorce decree and must do so within 15 days; (3) Husband must pay Wife $770 for the cost of storing his personal property after he moved out of the residence; and (4) Husband must pay Wife $2,833.75 in attorney's fees and costs. This appeal follows.

## ANALYSIS

### I. Marital Home

Husband contends he is entitled to an interest in the residence whether or not there was a common law marriage between the parties because he contributed to the mortgage following their divorce. In support of this position, he directs our attention to a line of cases holding that if spouses enter an agreement and then resume cohabitation, executory provisions of the separation agreement terminate while executed provisions are not affected. *See Machado v. Machado,* 220 S.C. 90, 66 S.E.2d 629 (1951); *Crawford v. Crawford,* 301 S.C. 476, 392 S.E.2d 675 (Ct.App.1990); *Bourne v. Bourne,* 336 S.C. 642, 646–47, 521 S.E.2d 519, 521–22 (Ct.App.1999). His reliance on these cases is misplaced because the cited cases dealt with parties who were married at the time the agreements were made. Therefore, the family court had jurisdiction to determine whether and to what degree their separation agreements should be applied.

Here the parties entered into a separation agreement that was adopted by the family court and incorporated into a divorce decree. Once the parties were divorced, there no longer existed any "marital property" over which the family court could assume jurisdiction unless jurisdiction was reserved in the decree. *See* S.C.Code Ann. Section 20-7-473 (Supp.2001) ("The [family] court does not have jurisdiction or authority to apportion nonmarital property."); *Hayes v. Hayes,* 312 S.C. 141, 144, 439 S.E.2d 305, 307 (holding family court lacks jurisdiction to modify equitable division unless specifically reserved in decree or authorized by statute). Further, Husband has not appealed the family court's determination that no common law marriage existed between the par-

ties; therefore, that ruling is the law of the case. *See Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (finding an unchallenged ruling, "right or wrong, is the law of this case and requires affirmance"). Thus, we hold the family court correctly determined it lacked jurisdiction to award Husband any interest in the former marital home. Rather, the family court's authority was limited to enforcing the provisions of its prior order.[1]

## II. Storage Expenses

■ Since the parties resumed cohabitation without the benefit of marriage or remarriage, and there has been no appeal from the family court's finding of no common law marriage, the court lacked subject matter jurisdiction to determine the parties' property rights in any way. *See* S.C.Code Ann. § 20–7–473 (Supp.2001) (defining jurisdiction of family court in domestic matters). Accordingly, we vacate that portion of the family court's order awarding Wife her storage costs.

For the foregoing reasons, the decision of the family court is **AFFIRMED IN PART AND VACATED IN PART.**

HUFF and HOWARD, JJ., concur.

---

1. Given our disposition of this issue, we need not address Husband's argument that should the family court's order as to the home be reversed the award of attorney's fees should also be reversed.