THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lynn Marie Boland,       
Appellant,
 
 
 

v.

 
 
 
John Michael Boland,       
Respondent.
 
 
 

Appeal From Horry County
Berry L. Mobley, Family Court Judge

Unpublished Opinion No. 2004-UP-526
Submitted September 15, 2004  Filed 
 October 18, 2004

AFFIRMED

 
 
 
John R. Ferguson, of Laurens, for Appellant.
John J. Sherrill, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  Wife appeals the family courts 
 order of equitable distribution, arguing the court erred in the identification, 
 valuation, and division of marital property and in failing to award her attorneys 
 fees.  We affirm. [1] 
FACTS
The parties married in 1969.  After separating 
 in 1987, they divided their assets by agreement.  Under the agreement, Wife 
 received the parties home in Florida and Husband received a farm they owned 
 in Kentucky.  
The parties reconciled several years later.  After resuming 
 their relationship, Husband created a trust for the purpose of avoiding probate.  
 The trust named Husband and Wife as the beneficiaries and designated Husband 
 the trustee with extensive powers over the trust assets.  The parties placed 
 vehicles, savings accounts, and other property in the trust.  The parties also 
 signed a deed placing the Kentucky farm Husband received in the separation agreement 
 into the trust.  However, as to the Florida home Wife received in the separation 
 agreement, Husband twice prevented Wife from placing proceeds traceable from 
 the sale of that property into the trust.  
The parties separated again in 2001.  Wife filed 
 for separate maintenance and support and Husband counterclaimed for the same.  
 Neither party filed for a divorce.  At the hearing, the main issues were the 
 Kentucky farm, the incomes of the parties, and whether Husband should continue 
 health insurance coverage for Wife.  At the end of the hearing, the family court 
 granted each party two weeks to submit proposed orders.  Husband sent his order 
 to the court without sending a copy to Wife, and the court signed the order 
 before the end of the two weeks and before receiving Wifes proposed order.  

Among other things, the court found the Kentucky 
 farm was not marital property and divided the marital property equally, though 
 it used Husbands date of hearing valuations for some of his assets rather than 
 his date of separation valuations.  The court also denied Wifes request for 
 attorneys fees.  Wife moved for reconsideration, which the court denied.  
STANDARD OF REVIEW
In appeals from the family court, this court may find 
 facts in accordance with its own view of the preponderance of the evidence. 
 Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  
 However, this broad scope of review does not require us to disregard the family 
 courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 
 616, 617 (1981).  Nor does it require us to ignore the fact that the trial judge, 
 who saw and heard the witnesses, was in a better position to evaluate their 
 credibility and assign comparative weight to their testimony.  Miles v. Miles, 
 355 S.C. 511, 516, 586 S.E.2d 136, 139 (Ct. App. 2003), cert. denied 
 (June 14, 2004).
LAW/ANALYSIS
I.       Issuance of Final Order
 Wife contends the final order should be 
 vacated because the trial court signed Husbands proposed order prior to receiving 
 and reviewing Wifes proposed order and because its submission constituted an 
 ex parte communication.  We disagree.
Wife cites several cases for the proposition 
 that a ruling cannot be issued without a party being given the opportunity to 
 be heard by the court in a meaningful way.  See, eg., Universal Benefits, 
 Inc. v. McKinney, 349 S.C. 179, 561 S.E.2d 659 (Ct. App. 2002).  Even though 
 the court ruled without reviewing her proposed order, Wife nevertheless had 
 a meaningful opportunity to be heard.  She had a full hearing to address her 
 claims and offer any evidence she wished to have considered.  
Wife also asserts the ex parte nature 
 of Husbands proposed order violated Rule 3.5 of the Rules of Professional Conduct, 
 Rule 407, SCACR.  Rule 3.5 states:  A lawyer shall not . . . [c]ommunicate 
 ex parte with [a judge] except as permitted by law.  Rule 3.5 was established 
 to prevent any improper influence of judges, jurors or other officials.  Although 
 we do not condone ex parte communication, the transmittal letter and the requested 
 proposed order certainly did not improperly influence the court.  
Moreover, Wife raised these and other arguments 
 in her motion to reconsider, which the court denied after review.  For the reasons 
 discussed, we find no basis for vacating the family courts final order.
II.      Kentucky Property
Wife contends the trial court erred in 
 failing to include the Kentucky property in the marital estate.  We disagree.
The South Carolina Code defines marital property, 
 which is subject to equitable distribution, as all real and personal property 
 which has been acquired by the parties during the marriage and which is owned 
 as of the date of filing or commencement of marital litigation.  S.C. Code 
 Ann. § 20-7-473 (Supp. 2003).  The statute also provides certain exceptions, 
 including property excluded by written contract of the parties.  § 20-7-473(4).  

Nonmarital property may be transmuted into marital 
 property if it (1) becomes so commingled with marital property as to be untraceable, 
 (2) is jointly titled, or (3) is utilized by the parties in support of the marriage 
 or in some other manner so as to evidence the parties intent to make it marital 
 property.  Pool v. Pool, 321 S.C. 84, 88, 467 S.E.2d 753, 756 (Ct. App. 
 1996), affd as modified, 329 S.C. 324, 494 S.E.2d 820 (1998).  Transmutation 
 is a matter of intent to be gleaned from the facts of each case.  Id.  
 The spouse claiming transmutation must produce objective evidence showing that 
 during the marriage the parties themselves regarded the property as the common 
 property of the marriage.  Id.
Husband became the sole owner of the Kentucky 
 property by way of the 1987 separation agreement.  Wife does not dispute this, 
 but contends their subsequent reconciliation abrogated the agreement or that 
 the property was transmuted when it was placed into the family trust.
The parties reconciliation did not abrogate 
 the property settlement the parties reached in their 1987 separation.  An inherently 
 executory provision of a separation agreement, such as one for future support, 
 is abrogated by a reconciliation.  Bourne v. Bourne, 336 S.C. 642, 645-46, 
 521 S.E.2d 519, 521 (Ct. App. 1999).  However, any executed property settlement 
 provisions are unaffected by a subsequent reconciliation, except to the extent 
 the property has increased in value because of the parties joint efforts.  
 Id.  Because the parties executed the property division provided for 
 in the 1987 separation agreement, the property settlement was not affected by 
 their reconciliation.
Additionally, the evidence does not support Wifes 
 claim of transmutation.  Although the Kentucky property was placed in the trust 
 with marital property, it never became untraceable.  Furthermore, the property 
 never generated any real income used to support the family or to pay debts of 
 the parties.  Although the trust gave Wife the authority to control the property, 
 she admitted Husband controlled the trusts assets.  Both parties testified 
 it was Husbands idea to create the trust, and he testified the main purpose 
 was to avoid probate in the event of his death.  Finally, even though Husband 
 had Wife sign a deed to transfer the Kentucky property to the trust, that deed 
 was ineffective because Wife had executed a quitclaim deed as a result of the 
 1987 separation agreement.  See Graniteville Co. v. Williams, 
 209 S.C. 112, 120, 39 S.E.2d 202, 206 (1946) (finding deed signed by party without 
 claim to title of property was ineffective).  Because we find Wife failed to 
 produce objective evidence the parties treated the farm as their common property, 
 we find the family court properly excluded it from the marital estate.
III.    Inclusion or Exclusion of Other Property
Wife contends the family court improperly 
 included her income, clothing, and jewelry without also including the full amount 
 of Husbands income, clothing, and jewelry.  Wife also contends Husband improperly 
 sold bonds despite being enjoined from disposing of assets.  We disagree.
Husband testified the value he listed 
 for his furnishings also included his clothing and jewelry.  Although he was 
 only awarded $1,000 in furnishings, and Wifes valuation of Husbands clothing 
 and jewelry totaled $1,500, we cannot say the court abused its discretion, nor 
 did the failure to specifically delineate the clothes and jewelry lead to an 
 unfair award.  
Wife contends the trial court erred in 
 failing to properly include income earned by Husband or in including her income 
 at a gross value and his at its net value.  Additionally, she asserts his gambling 
 winnings should be added to the equitable distribution.  We disagree.
The parties incomes post-filing should 
 not have been included for purposes of equitable distribution.  See S.C. 
 Code Ann. § 20-7-473 (Supp. 2003) (providing term marital property as used 
 in this article means all real and personal property which has been acquired 
 by the parties during the marriage and which is owned as of the date of filing 
 or commencement of marital litigation).  Although Wife is correct that her 
 income was improperly included in the marital estate, Husbands income from 
 the date of filing until the date of the order was also improperly included.  
 As Wifes income was included at approximately $11,000 and Husbands was included 
 at approximately $65,000, any error benefited Wife and she is thus entitled 
 to no relief.  
The evidence in the record is inconclusive as to 
 when the gambling winnings occurred.  However, there is no evidence in the record 
 that any sum existed at the time of filing.  If the winnings occurred after 
 filing, they constitute earnings and are not subject to equitable distribution.  
 For either reason, the trial court properly excluded gambling proceeds from 
 equitable distribution.
As for the bonds, they were redeemed by the issuer 
 and Husband had no way to prevent their redemption.  Additionally, Wife did 
 not establish that either the bonds or their proceeds were marital property 
 subject to division.  
IV.    Valuation of Marital Estate
Wife asserts the family court improperly valued 
 the property in the marital estate.  She maintains Husbands IRA and investment 
 accounts were valued at the time of the hearing and not at the time of separation 
 as required.  She asserts it was error for the trial court to value his property 
 at the time of the hearing and her property at the time of separation.  We affirm 
 the value assigned by the family court.
As stated above, marital property includes all 
 real and personal property which has been acquired by the parties during the 
 marriage and which is owned as of the date of filing or commencement of marital 
 litigation.  S.C. Code Ann. § 20-7-473.  Thus, for purposes of equitable distribution, 
 the value of marital property is the value of the property at the time of the 
 commencement of the marital litigation.  See Mallett v. Mallett, 
 323 S.C. 141, 151, 473 S.E.2d 804, 810 (Ct. App. 1996) (Marital property is 
 valued as of the date of the filing of the complaint.).  However, where necessary 
 to avoid an unfair apportionment caused by significant changes in the valuation 
 of marital property during marital litigation, the court may consider the post-filing 
 appreciation or depreciation when valuing and apportioning the marital estate.  
 Dixon v. Dixon, 334 S.C. 222, 228, 512 S.E.2d 539, 542 (Ct. App. 1999).
Here, Husband provided the court with 
 updated values of his investment accounts due to the recent market decline.  
 The reduction in value was not caused by an intentional depletion of assets 
 or any fault of Husband.  The accounts declined along with the market, and Husband 
 should not be penalized for the measurable decline.  Accordingly, the court 
 did not err in using the updated values of Husbands accounts.  Because Wife 
 failed to provide updated values of her accounts, it is impossible to determine 
 whether any change in her accounts occurred.  
V.      Apportionment of Marital Estate
Wife also challenges the courts division 
 of the marital estate.  She asserts the equitable distribution should be adjusted 
 because Husband retained the Kentucky farm as non-marital property.  She also 
 asserts Husband improperly elected to receive higher pension payments during 
 his life rather than lower lifetime payments that would continue after his death.  
 We find the courts apportionment fair and proper.
The apportionment of marital property 
 is within the family courts sound discretion.  Morris v. Morris, 295 
 S.C. 37, 39, 367 S.E.2d 24, 25 (1988).  Section 20-7-472 of the South Carolina 
 Code enumerates fifteen factors applicable to a determination of equitable distribution.  
 The statute vests the family court with discretion to decide what weight should 
 be assigned to the various factors.  S.C. Code Ann. § 20-7-472 (Supp. 2003).  
 On review, this court looks to the fairness of the overall apportionment, and 
 if the end result is equitable, the fact this court might have weighed specific 
 factors differently than the family court is irrelevant.  Johnson v. Johnson, 
 296 S.C. 289, 300-01, 372 S.E.2d 107, 113 (Ct. App. 1988).  This court will 
 affirm the family courts apportionment of marital property where the court 
 addressed the factors with enough sufficiency for us to conclude the family 
 court was cognizant of the statutory factors.  Doe v. Doe, 324 S.C. 492, 
 502, 478 S.E.2d 854, 859 (Ct. App. 1996).
 Both parties sought an equal division 
 of the marital property.  Wife knew the status of the Kentucky property was 
 an issue before the court and still argued for an equal division of the marital 
 assets.  The court stated that after reflecting upon all the factors set forth 
 within Section 20-7-472 . . . that the intention, and thus agreement, of both 
 parties to divide all marital property on a 50/50 basis should be accepted.  
 Accordingly, we find the trial court properly considered the factors and the 
 testimony of the parties.  We find the equal division of the marital assets 
 a fair result and thus not an abuse of discretion.  Nor do we find Husbands 
 pension electiona joint decision made by the parties while they were married 
 and before commencement of this actiona basis for adjusting the overall award.  

VI.    Attorneys Fees
Wife asserts the family court erred in failing 
 to award her attorneys fees.  We do not agree.
The decision whether to award attorneys fees is 
 a matter within the family courts sound discretion.  Stevenson v. Stevenson, 
 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988).  In determining whether to award 
 attorneys fees, the court should consider the parties ability to pay their 
 own fees, the beneficial results obtained by the attorney, the parties respective 
 financial conditions, and the effect of the fee on each partys standard of 
 living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 
 (1992).
The family court properly considered the appropriate 
 factors and concluded neither party was entitled to recover attorneys fees.  
 Although the family court may have improperly imputed the ability to continue 
 to earn income to the Wife, it is undisputed her income will be similar to Husbands, 
 as they will divide his pension equally.  Additionally, the results obtained 
 were not more beneficial to one party than the other, and both parties received 
 the same amount of marital assets from which to pay their fees.  Finally, the 
 award of attorneys fees will impact each partys standard of living in roughly 
 the same manner.  Accordingly, we hold the trial court did not abuse its discretion 
 in denying attorneys fees to Wife.
AFFIRMED.
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.