**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carmen Morgan, Appellant,

v.

Thomas Delaney, Respondent.

Appellate Case No. 2015-000062

Appeal From Lexington County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2016-UP-381
Submitted May 1, 2016 – Filed July 27, 2016

**AFFIRMED**

Stephen C. Hucks, Sr., of Hucks & Felker, LLC, of Columbia, for Appellant.

Thomas Delaney, of West Columbia, pro se.

**PER CURIAM:** Carmen Morgan (Mother) appeals the family court's order denying her request for modification of a prior custody order. Mother argues the family court erred (1) in awarding custody of their child (Child) to Thomas Delaney (Father) because Father did not request custody, (2) in failing to evaluate all of the factors for modification of custody in section 63-15-240(B) of the South Carolina Code (Supp. 2015), (3) by requesting the Guardian ad Litem (GAL) give

her recommendation for custody without laying a foundation for its request pursuant to section 63-3-830(A)(6) of the South Carolina Code (2010), and (4) in failing to establish a visitation schedule.  We affirm.[1]

1.  The family court's initial award of custody to Father is the law of the case because Mother did not appeal the December 14, 2011 order.  *See Reiss v. Reiss*, 392 S.C. 198, 206-07, 708 S.E.2d 799, 803 (Ct. App. 2011) ("[a]n unappealed ruling becomes law of the case and precludes further consideration of the issue on appeal."); *Tipton v. Tipton*, 351 S.C. 456, 458-59, 570 S.E.2d 195, 196 (Ct. App. 2002) (finding a ruling that is not appealed is the law of the case); *McAleese v. McAleese*, 309 S.C. 548, 550-51, 424 S.E.2d 558, 559-60 (Ct. App. 1992) (noting prior orders were not appealed and thus, were law of the case).

2.  We find the family court properly found there was not a substantial change in circumstances that warranted a change in custody and that it was in Child's best interest to remain in Father's custody.  *See Tillman v. Oakes*, 398 S.C. 245, 249, 728 S.E.2d 45, 47 (Ct. App. 2012) (stating to change the custody of a child, the noncustodial parent must establish (1) a substantial change in circumstances that affects the welfare of the child and (2) a change in custody is in the best overall interests of the child); *Kisling v. Allison*, 343 S.C. 674, 679, 541 S.E.2d 273, 275 (Ct. App. 2001) (stating the party seeking the change in custody bears "the burden of showing changed circumstances occurring subsequent to the entry of the" original custody decree).

3.  We find issue 3 is not preserved.  *See Payne v. Payne*, 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) (finding the mother's issue that the family court failed to set forth in the record the specific grounds for requesting the GAL's custody recommendation was not preserved because the mother did not object when the GAL gave her recommendation); *id.* ("To be preserved for appellate review, an issue must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

4.  We find issue 4 is not preserved.  *See Srivastava v. Srivastava*, 411 S.C. 481, 487, 769 S.E.2d 442, 446 (Ct. App. 2015) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court." (alteration by court) (quoting *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006))); *id.* ("Therefore, when an appellant neither raises an issue at trial nor [files] a Rule 59(e), SCRCP,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

motion, the issue is not preserved for appellate review." (alteration by court) (quoting *Doe*, 370 S.C. at 212, 634 S.E.2d at 54-55)).

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**